**BROWN & CONNERY LLP**
William F. Cook, Esquire
Joseph T. Carney, Esquire
360 North Haddon Avenue
Westmont, New Jersey 08108
*Attorneys for the Borough of Haddonfield*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MICHELE AND FRANK TEDESCO**<br>315 Station Avenue<br>Haddonfield, NJ 08033<br>and<br>**ROSE AND VICTOR PALLADINO**<br>60 Chews Landing Road<br>Haddonfield, NJ 08033<br>and<br>**ALEX AND SHEILA COLALILLO**<br>100 Chews Landing Road<br>Haddonfield, NJ 08033<br>and<br>**JODI AND STEVE MELLUL**<br>80 Chews Landing Road<br>Haddonfield, NJ 08033<br>and<br>**ALICE AND RONALD SANDMEYER**<br>340 Kings Highway West<br>Haddonfield, NJ 08033<br><br>          **Plaintiffs,**<br><br>v.<br><br>**BOROUGH OF HADDONFIELD NEW JERSEY**<br>242 Kings Highway East<br>Haddonfield, NJ 08033<br>and<br>**NEW JERSEY - AMERICAN WATER COMPANY, INC.**<br>1 Water Street<br>Camden, NJ 08102<br><br>          **Defendants.** | Removed from the<br>Superior Court of New Jersey, Law Division, Civil Part<br>Camden County<br><br>CAM-L-002438-24<br><br>**NOTICE OF REMOVAL** |

7Q34765

TO:    Clerk of the Court
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101

**PLEASE TAKE NOTICE** that Defendant Borough of Haddonfield, by and through their undersigned counsel, hereby remove this matter pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 from the Superior Court of New Jersey, Law Division, Camden County (the "State Court") to the United States District Court for the District of New Jersey, Camden Vicinage.

In support of this Notice of Removal, the Borough respectfully states as follows:

## BACKGROUND

1. On August 8, 2024, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division, Civil Part, Camden County (Ex. A, State Court Complaint).

2. Plaintiffs allege violations of federal law, including but not limited to 42 U.S.C. § 1983 and the Fifth Amendment (see State Court Complaint, ¶ 46).

3. The matter will further involve the assertion of federal defenses, including but not limited to defenses available under the National Flood Insurance Program.

4. The matter will further involve and/or implicate waters under federal jurisdiction and/or control, including but not limited to the Newton Creek, Cooper River, Delaware River, and/or associated tributaries and/or waterways.

## BASIS FOR REMOVAL

5. This Court has original jurisdiction over the above-captioned matter under the provisions of 28 U.S.C. § 1331 because the Complaint alleges violations of the laws of the United States.

6. The pending action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and is one which may be removed to this Court by the Borough pursuant to the provisions of 28 U.S.C. § 1441, including sections 1441(a) and 1441(c).

7. This Court has supplemental jurisdiction over the remaining counts of the Complaint under 28 U.S.C. § 1367 because they arise from the same case or controversy.

## REMOVAL IS TIMELY

8. This Notice of Removal is being filed within thirty (30) days of August 8, 2024, the date on which the State Court Complaint was filed.

9. Pursuant to Fed. R. Civ. P. 6(a) and 28 U.S.C. § 1446(b), this Notice of Removal is timely. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

## VENUE IS PROPER

10. The United States District Court for the District of New Jersey is the federal judicial district embracing the State Court where Plaintiff originally filed this suit. See 28 U.S.C. § 1441(a).

## STATE COURT NOTIFICATION AND NOTICE TO ALL COUNSEL OF RECORD

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all counsel of record and will be filed with the State Court.

## ALL DEFENDANTS CONSENT TO REMOVAL OF THE ACTION

12. The undersigned has conferred with counsel for the other Defendant in this matter, New Jersey-American Water Company, Inc.

13. The undersigned is in receipt of the consent of New Jersey-American Water Company, Inc. to remove this action.

14. Accordingly, all Defendants consent to removal.

## **MISCELLANEOUS**

15. No admission of fact, law, or liability is intended by this Notice of Removal and the Borough expressly reserves all defenses, affirmation of defenses, and motions.

**WHEREFORE,** the Borough, by and through its undersigned counsel, and through the filing of this Notice of Removal, serving of a copy of this Notice of Removal on all counsel of record, and filing of a copy of this Notice of Removal with the Clerk of the State Court, effects the removal of said civil action to this Honorable Court.

Respectfully submitted,

**BROWN & CONNERY, LLP**
*Attorneys for the Borough of Haddonfield*

Dated: September 6, 2024          By: s/ *William F. Cook*
                                        William F. Cook, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, the foregoing Notice of Removal was electronically filed with the United States District Court for the District of New Jersey *via* the CM/ECF system. I further certify that on September 6, 2024, the foregoing Notice of Removal is being served on all counsel of record via e-mail, as follows:

**WEIR GREENBLATT PIERCE LLP**
A Pennsylvania Limited Liability Partnership
Jennifer Hiller Nimeroff, Esquire
35 Kings Highway East
Haddonfield, New Jersey 08033
jhiller@wgpllp.com

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: September 6, 2024           By: s/ *William F. Cook*
                                       William F. Cook, Esquire

# ***EXHIBIT A***

WEIR GREENBLATT PIERCE, LLP
A Pennsylvania Limited Liability Partnership
By:   Jennifer Hiller Nimeroff, Esquire – 027241995
35 Kings Highway East
Haddonfield, New Jersey 08033
(856) 429-7750
(856) 427-0360 (fax)
jhiller@wgpllp.com                                    Attorneys for Plaintiffs

| | |
|---|---|
| MICHELE AND FRANK TEDESCO<br>315 Station Avenue<br>Haddonfield, NJ  08033<br>   and<br>ROSE AND VICTOR PALLADINO<br>60 Chews Landing Road<br>Haddonfield, NJ  08033<br>   and<br>ALEX AND SHEILA COLALILLO<br>100 Chews Landing Road<br>Haddonfield, NJ  08033<br>   and<br>JODI AND STEVE MELLUL<br>80 Chews Landing Road<br>Haddonfield, NJ  08033<br>   and<br>ALICE AND RONALD SANDMEYER<br>340 Kings Highway West<br>Haddonfield, NJ  08033<br><br>             Plaintiffs,<br><br>   vs.<br><br>BOROUGH OF HADDONFIELD NEW JERSEY<br>242 Kings Highway East<br>Haddonfield, NJ  08033<br>   and<br>NEW JERSEY - AMERICAN WATER COMPANY, INC.<br>1 Water Street<br>Camden, NJ  08102<br><br>             Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO.:<br><br>CIVIL ACTION |

1

# ***EXHIBIT A***

## COMPLAINT

Plaintiffs, Michele and Frank Tedesco, Rose and Victor Palladino, Alex and Sheila Colalillo, Jodi and Steve Mellul, and Alice and Ronald Sandmeyer, by and through their counsel, Weir Greenblatt Pierce LLP, state the following as and for their Complaint against Defendants:

### Parties

1. Plaintiffs, hereinafter the "Tedescos," the "Palladinos," the "Colalillos," the "Melluls," and the "Sandmeyers," or collectively, the "Plaintiffs," at all relevant times owners of houses located a 315 Station Avenue, 60 Chews Landing Road, 100 Chews Landing Road, 80 Chews Landing Road and 340 Kings Highway West (collectively the "Properties"), respectively, have been and continue to be flooded with sewage laden stormwater as a result of the actions and inactions by the Defendants.

2. The Borough of Haddonfield New Jersey ("Haddonfield") is a recognized municipality and governmental entity of the State of New Jersey having a principal place of business at 242 Kings Highway East, Haddonfield, New Jersey 08033. Haddonfield is responsible for the design, maintenance and operation of its stormwater system.

3. New Jersey - American Water Company, Inc. ("New Jersey American Water") is a private entity incorporated under the laws of the State of New Jersey having a principal place of business at 1 Water Street, Camden, New Jersey  08102. New Jersey American Water is responsible for the maintenance, operation and upkeep of the sanitary sewer system located within the Borough of Haddonfield.

2

**Jurisdiction and Venue**

4. Venue is proper in the Superior Court of Camden County, New Jersey, as all plaintiffs resided, at the relevant times herein, within Camden County and Defendants Haddonfield and New Jersey American Water Company are located within Camden County.

5. Jurisdiction is proper in New Jersey as all parties, plaintiffs and defendants, either reside in and/or do business within the State of New Jersey and more specifically, Camden County.

**Factual Background**

6. Haddonfield is a governmental entity whose responsibilities are, among other things, to maintain a stormwater management system within its jurisdictional boundaries and in such a manner as to protect its citizens from flooding.

7. Haddonfield is required to meet and maintain certain flood protection standards consistent with its own stormwater management ordinance and guidelines, those of the County of Camden, state flood plain management regulations, and its own flood plain management ordinance mandated by its participation in the National Flood Insurance Program.

8. At all times relevant herein, Haddonfield authorized, procured, owned, operated, controlled, and maintained the stormwater management system at and near the Plaintiffs' Properties in a dangerous condition as described herein.

9. As a direct result of Haddonfield's faulty, dangerous, and mismanaged stormwater system, Haddonfield's stormwater management system backs up and overflows during rain events and the Properties flood nearly every time there is a significant rain event.

10. There have been numerous flood events which have occurred over the years and continue to occur at this time.

3

11. During these rain/flood events, the Properties become inundated with both overflowing stormwater water and raw sewage which emanates from the sanitary sewer system owned, controlled, operated, maintained, and managed by New Jersey American Water.

12. New Jersey American Water is required to maintain and operate the sanitary sewer system in such a manner as to reasonably preclude effluent from being released from its system onto the Properties of the Plaintiffs and other similarly situated property owners.

13. The failure to maintain, manage, operate, and control its sanitary sewer system by New Jersey American Water falls below a reasonable standard of care and is inconsistent with New Jersey state law and its own operational requirements.

14. Defendants are aware of both the flooding issues and the release of sewage but have undertaken no action that has resolved the repeated flooding of Plaintiffs' Properties and, consequently, the Properties continue to be subject to flooding and sewage impacts during rain events.

15. On multiple occasions over the last two years, and well beyond two years, water, sewage and other materials were directed onto the Plaintiffs' Properties by the stormwater and sanitary sewage systems operated by the Defendants. On repeated instances, filthy, sewage laden water infiltrated Plaintiffs' houses causing significant damage to their living spaces and garages, and to their personal property and belongings, including motor vehicles.

16. Plaintiffs have been required to incur significant cleanup costs, significant costs for flood mitigation, and have been required to undertake massive efforts in an attempt to avoid future flooding but to no avail. Plaintiffs believe, among other things, that mold conditions exist and are growing in and around their residences.

17. Neither Defendant has exercised the requisite care with regard to its respective water/sewer management systems in and near Plaintiffs' Properties. Further the Defendants have not surveyed, monitored, maintained, or engaged in any material operations to ensure that their systems are operating correctly and causing no harm to Plaintiffs. The Defendants' lack of oversight, care, maintenance and control have, in the aggregate, caused, contributed, and continue to cause and contribute to the serious backup of stormwater and sewage on Plaintiff's Properties which in turn cause and continue to cause damage and significant loss of value and marketability to the Plaintiffs' Properties.

## COUNT I – NEGLIGENCE AND DANGEROUS CONDITION

18. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

19. Both of the Defendants have a duty to properly design, maintain, inspect, repair, and operate their respective stormwater/sanitary systems in such a manner as to protect Plaintiffs from flooding, flood damage, and the negative impact of the infiltration of sewage into the flood waters.

20. Haddonfield has a duty to maintain, inspect, repair, and operate its stormwater management system in such a manner as to not artificially direct stormwater and/or flood water toward the Plaintiffs' Properties and/or cause, increase or endanger Plaintiffs and their Properties with additional stormwater and/or flooding.

21. Likewise, New Jersey American Water has a duty to maintain, inspect, repair, and operate its sanitary sewer system in such a manner as to preclude the release of sewage into the ambient flood waters at times of heavy rain and/or flooding.

22. Notwithstanding its duty, Haddonfield undertook various actions and/or failed to avoid such other actions as to cause, contribute and greatly increase the risk of flooding to Plaintiffs and their Properties by, among other things:

    a. Failing to properly design its stormwater management system so as to avoid creating cumulative impacts of stormwater at or near Plaintiffs' Properties causing damage thereto;

    b. Failing to maintain, operate, inspect, and/or repair its stormwater management system so as to reasonably protect Plaintiffs from the risk of stormwater collecting at their Properties such as to cause flood damage;

    c. Refusing to address and ignoring prior concerns and notice that stormwater was being diverted to Plaintiffs' Properties as a result of the stormwater management system with knowledge that it would likely cause future flooding events to Plaintiffs' Properties;

    d. Failing to maintain the stormwater management system in a manner such that stormwater would accumulate at the Plaintiffs' Properties and be unable to timely exit the area without causing damage to Plaintiffs' Properties; and

    e. Failing to investigate properly how the stormwater management system was designed to operate and/or was operating such that a future risk of flooding was likely to occur.

23. With respect to New Jersey American Water, it undertook various actions and/or failed to avoid such other actions as to cause, contribute and greatly increase the release of raw sewage into the flood waters which flooded Plaintiffs' Properties by, among other things:

6

a. Failing to properly design and/or retrofit its sanitary sewer system so as to avoid the release of sewage which ultimately infiltrated the Properties of Plaintiffs;

b. Failing to maintain, operate, inspect, and/or repair its sanitary water system in such a manner as to reasonably protect Plaintiffs from the discharge of sewage which collected at the Plaintiffs' Properties;

c. Refusing to address and ignoring prior concerns and notice that the older sanitary system they purchased from Haddonfield was likely to allow for the diversion of raw sewage to exit its system and generally gain access to storm waters, thus causing harm to Plaintiffs; and

d. Failing to inspect, investigate, maintain, and repair its sanitary water system in such a manner as to reasonably protect the Plaintiffs from the damages they have and continue to suffer.

24. Defendants have had actual, constructive, and ongoing notice of the dangerous condition (*i.e.,* the condition of the stormwater and sanitary sewer management systems) prior to the flood events that caused damage to Plaintiffs' Properties to have taken measures to protect against the dangerous condition.

25. Individually and in the aggregate, these actions and/or failures by Defendants are the proximate cause of damage suffered by Plaintiffs since they acquired their Properties and will continue to cause damages to Plaintiffs in the future.

26. Further, as a direct and proximate cause of the actions and inactions of Defendants, Plaintiffs suffered significant damage to their Properties, including their homes, have had their quality of life negatively impacted, have suffered devaluation of their Properties and will continue

to suffer the inability to economically market their Properties, thus having the value of their Properties taken without just compensation by Haddonfield, and causing Plaintiffs to suffer other economic and non-economic damages as a result of the actions/inactions of both Defendants.

27. The conditions of the stormwater and sanitary sewer management systems are a dangerous condition, individually and in the aggregate, that has caused damage to Plaintiffs' Properties, and such dangerous condition was caused by the negligence of Defendants.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants for compensatory damages sustained as a result of the direct and indirect physical impacts to the Properties, the devaluation of the Properties, Plaintiffs' quality-of-life impacts, recovery of attorney's fees, costs and interest commensurate with such losses and, as to New Jesey American Water, punitive damages.

## COUNT II -NUISANCE

28. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

29. The actions and inactions of Defendants, as described and averred herein, cause the incursion of significant amounts of stormwater and sewage onto Plaintiffs' Properties including into the interior of most of their homes.

30. The actions and inactions of Defendants, as described and averred herein, caused and continue to cause unreasonable interference with Plaintiffs' reasonable use and enjoyment of their respective Properties including but not limited to the living spaces of their homes, the outside of the Properties, each of which continue to be repeatedly flooded with stormwater, sewage and other undesirable materials.

31. As a direct and proximate result of Defendants' actions and inactions as described and averred herein, Plaintiffs have suffered harm such as significant damage to their respective Properties and homes, have had their quality of life negatively impacted, have suffered significant devaluation of their Properties and will continue to suffer the inability to economically market their Properties, thus having the value of their Properties taken without just compensation by Haddonfield, and have suffered other economic and non-economic damages as a result of the actions of both Defendants.

32. The inability to live peacefully in their homes and maintain a quality of life and quiet enjoyment in their Properties resulting from the actions and inactions of Defendants, and the future probabilities of continued negative impacts by the Defendants have created a nuisance for which Plaintiffs have suffered as alleged herein.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants for compensatory damages sustained as a result of the direct and indirect physical impacts to the Properties, the devaluation of the Properties, Plaintiffs' quality-of-life impacts, recovery of attorney's fees, costs and interest commensurate with such losses and, as to New Jersey American Water, punitive damages.

## COUNT III – TRESPASS

33. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

34. Haddonfield's stormwater management system is owned by and was designed and created for the benefit of the Borough, its citizens, and the Borough's predecessors and successors in interest. The Borough controls the stormwater within its stormwater management system and operates this system by artificially controlling and directing stormwater throughout the Borough.

35. The stormwater management system was designed and operates in a manner to artificially accumulate and direct water into the area of the Properties owned by Plaintiffs.

36. Such conduct by the Borough has the effect of directing stormwater to Plaintiffs' Properties during rain events.

37. But for the Borough's conduct and the faulty stormwater management system, stormwater would not have entered and/or caused and continue to cause substantial damages to the Plaintiffs' Properties.

38. New Jersey American Water controls the sanitary sewer system within the Borough and said system is designed to carry sewage from individual homes and businesses to a water treatment facility.

39. The sanitary water system is designed to accumulate sewage and direct it within pipes away from residential and commercial Properties toward the treatment facility.

40. Instead, New Jersey American Water's sanitary system, by its operation, maintenance, and controls (or lack thereof), is known by New Jersey American Water to allow for the release of sewage into general storm waters at the time of rain and storm events.

41. The acts of allowing stormwater and sewage to aggregate, accumulate, enter the Properties of Plaintiffs and cause physical impact and damage to the Properties is an act of trespass upon Plaintiffs' Properties.

42. As a direct and proximate result of the Defendants' acts of trespass as described and averred herein, Plaintiffs have suffered harm including, but not limited to, significant damage to their respective Properties, including their homes, have had their quality of life negatively impacted, have suffered significant devaluation of their Properties and will continue to suffer the inability to economically market their Properties, thus having the value of their Properties taken

without compensation by the Defendant Haddonfield, and have suffered other economic and non-economic damages as a result of the action and non-actions of both Defendants.

WHEREFORE Plaintiffs demand judgment in their favor and against the Defendants for compensatory damages sustained as a result of the direct and indirect physical impact to their Properties, the devaluation of their Properties, Plaintiffs' quality-of-life impacts, recovery of attorney's fees, costs and interest commensurate with such losses and, as to New Jersey American Water, punitive damages.

### COUNT IV – INVERSE CONDEMNATION
### (Defendant Haddonfield, Only)

43. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

44. The physical incursion of the stormwater controlled by Haddonfield and directed toward the Plaintiffs' Properties, combined with other materials including raw sewage, has the effect of permanently and substantially reducing the value of each of the Plaintiff's Properties.

45. Haddonfield's conduct has created a permeant physical and financial impact on Plaintiffs' Properties and, by artificially directing stormwater to and onto Plaintiffs' Properties, Haddonfield has committed a taking of Plaintiffs' Properties and in so doing, destroyed or substantially destroyed the beneficial use of their Properties and adversely impacted the value of their Properties.

46. Haddonfield's conduct at all times was and has been under the color of municipal and state law and the actions and inactions have, therefore, violated, among other things, the State Constitution of New Jersey, the Fifth Amendment of the United States Constitution and 42 U.S.C. § 1983.

47. The aforementioned conduct by Haddonfield has effectively taken the Properties from their respective owners without just compensation and, as such, the Borough's conduct constitutes an inverse condemnation or "taking."

48. The taking of Plaintiffs' Properties by Haddonfield has deprived Plaintiffs of the substantial use of their Properties, has taken and deprived Plaintiffs of the substantial valuation of their Properties and in so doing, has rendered the Properties unmarketable.

WHEREFORE, Plaintiffs demand judgment in their favor and against the Borough of Haddonfield in an amount representing the full, fair market value of their Properties on the date of the taking, attorney's fees, costs and interest commensurate with their losses.

WEIR GREENBLATT PIERCE LLP
A Pennsylvania Limited Liability Partnership


By:   */s/ Jennifer Hiller Nimeroff*
Jennifer Hiller Nimeroff, Esquire
*Attorneys for Plaintiffs*

Dated: August 8, 2024

12

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4 Plaintiffs hereby designate Jennifer Hiller Nimeroff, Esquire as trial counsel for Plaintiffs in this civil action.

                              WEIR GREENBLATT PIERCE LLP
                              A Pennsylvania Limited Liability Partnership

                              By:   */s/ Jennifer Hiller Nimeroff*
Dated: August 8, 2024                       Jennifer Hiller Nimeroff, Esquire

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

                              WEIR GREENBLATT PIERCE LLP
                              A Pennsylvania Limited Liability Partnership

                              By:   */s/ Jennifer Hiller Nimeroff*
Dated: August 8, 2024                       Jennifer Hiller Nimeroff, Esquire

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that to the best of her knowledge and belief, the matter in controversy in this litigation is not the subject of any other action pending in any other court or of a pending arbitration proceeding, nor is another action or arbitration proceeding contemplated. I know of no other party that should be joined in this action or who is subject to joinder in this action. I recognize the continuing obligation of each party to file with the Court and serve on all parties an amended Certification if there is a change in the facts stated in the original Certification.

                              WEIR GREENBLATT PIERCE LLP
                              A Pennsylvania Limited Liability Partnership

                              By:   */s/ Jennifer Hiller Nimeroff*
Dated: August 8, 2024                       Jennifer Hiller Nimeroff, Esquire

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(b)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

                                                                   WEIR GREENBLATT PIERCE LLP
                                                                   A Pennsylvania Limited Liability Partnership

                                                                   By:   */s/ Jennifer Hiller Nimeroff*
Dated: August 8, 2024                                                    Jennifer Hiller Nimeroff, Esquire

## CERTIFICATION OF COMPLIANCE WITH R. 1:4-8

1.     I am the attorney for Plaintiffs in this action.

2.     I aver that the Complaint and all documents annexed thereto comport with the requirement of R.1:4-8(a).

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                                   WEIR GREENBLATT PIERCE LLP
                                                                   A Pennsylvania Limited Liability Partnership

                                                                   By:   */s/ Jennifer Hiller Nimeroff*
Dated: August 8, 2024                                                    Jennifer Hiller Nimeroff, Esquire