

35 KINGS HIGHWAY EAST
HADDONFIELD, NJ 08033
(856) 429-7750
(856) 427-0360 FAX
WGPLLP.com

Jennifer Hiller Nimeroff
Member of PA and NJ Bars

Direct Dial (215) 241-7757
E-mail: jhillert@wgpllp.com

October 29, 2024

<u>*Via ECF*</u>

Honorable Matthew J. Skahill, U.S.M.J.
United States District Court, Camden
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Street, Courtroom 3C
Camden, NJ 08101

    Re: **Tedesco, et al. v. Borough of Haddonfield, et al.**
       **Civil Action No. 24-09005**

Dear Judge Skahill:

  This law firm represents the Plaintiffs in connection with the above-referenced action. Kindly accept this letter in response to the Borough of Haddonfield's (the "Borough") notification of a discovery dispute.

  Plaintiffs are five (5) married couples. They reside in homes they own in the Borough. They have each experienced significant and repeated flooding of their properties and homes, of stormwater and fecal debris, during routine rainfalls. The Borough has taken no action to remedy its drainage system which, Plaintiffs allege, is causing this flooding. Plaintiffs have brought claims against the Borough and New Jersey American Water Company, Inc. ("NJAW") for negligence/dangerous condition, nuisance and trespass. Plaintiffs also assert a claim against the Borough for inverse condemnation. Plaintiffs allege, among other things, that the Borough's

Honorable Matthew J. Skahill, U.S.M.J.
October 29, 2024
Page 2

conduct (or lack thereof) in allowing and/or directing the stormwater it controls onto Plaintiffs' properties constitutes a taking, and that the taking has deprived Plaintiffs of the substantial valuation of their properties and has rendered the Plaintiffs' properties unmarketable. To be clear, and to correct a statement made by the Borough, Plaintiffs **do not allege** that their properties are "uninhabitable" or "useless".

This discovery dispute is **not** about Plaintiffs prohibiting an inspection of their properties by both the Borough's attorneys and the Borough's experts. The dispute is **not** about the Plaintiffs prohibiting the Borough from having a videographer and photographer present during the property inspection(s). And, this dispute is **not** about the Plaintiffs refusing to sit for their depositions and providing sworn testimony. What this dispute is about is that the Borough seeks to conduct ten (10) on-site property inspections with its videographer and photographer, while simultaneously conducting a roving deposition of each Plaintiff who, while being deposed, is supposed to give Borough's counsel, the videographer and photographer, a tour of his/her house and property.

Plaintiffs have explained to the Borough that (1) they are willing to grant the Borough and the Borough's experts access to their properties to conduct an inspection; (2) they will allow the Borough to have a videographer and photographer present for each of the inspections; (3) they will sit for depositions in the usual course, *i.e.,* in a chosen venue with the protections of the formalities regularly present at a party's discovery deposition; and (4) the Borough can determine the order it chooses to conduct each discovery technique. But, the Plaintiffs do not consent to having depositions taken at their home *via* audio means (that is, *via* a recording without a stenographer), while simultaneously walking counsel and/or the Borough's expert around their homes and

Honorable Matthew J. Skahill, U.S.M.J.
October 29, 2024
Page 3

properties, all while video and photos are being taken. The Borough's proposed protocol is neither reasonable nor appropriate; to the contrary, it is overly burdensome to Plaintiffs and does not afford Plaintiffs the protections afforded by the procedures set forth in Rule 30 of the Federal Rules of Civil Procedure to help promote accuracy and reliability.

Rule 30 of the Federal Rules directs the manner in which a deposition is to be conducted, including provisions related to the methods of recording the testimony, the administration of the oath or affirmation to the deponent, the statement of objections, the duration of the deposition, the use of documents during the deposition, etc. The Borough seeks to conduct the depositions at the Plaintiffs' homes, which Rule 30 does not prohibit. Fed.R.Civ.P. 30(b)(1) ("A party who wants to depose a person … must give reasonable written notice … [which] must state the time and place of the deposition …."). However, Rule 30 certainly does not suggest that the deponent be required to provide a tour of the "place of the deposition" or subject the deponent to a roving deposition while giving such tour. The reason is simple: the burden placed on the deponent in accommodating such a roving deposition far outweighs the degree to which the proposed combined deposition-inspection will aid in the search for the truth. *See National Manufacturing Co., Inc. v. Janed Enterprises, Inc.,* 2013 WL 12470870 *1, Civ. Action No. 13-314 (U.S.Dist.Ct. Dist. NJ Jul. 3, 2013) *quoting Belcher v. Bassett Furniture Industries, Inc.,* 588 F.2d 904, 908 (4th Cir. 1978) (observing, in the context of a Rule 34 inspection, that "the search for the truth must be balanced against the burdens and dangers created by the inspection.").

Adding to the burdens the Borough seeks to impose on Plaintiffs, the Borough's protocol for conducting the depositions lacks accuracy and reliability. The protocol is unreliable because

Honorable Matthew J. Skahill, U.S.M.J.
October 29, 2024
Page 4

the Plaintiffs' counsel will be unable to verify, in real time, whether the videographer is actually videotaping the areas, places and things being pointed out by the Plaintiffs. Explaining further, the videographer **is not** videotaping the deposition; instead, the videographer will be videotaping the "inspection/tour" and, *supposedly*, areas of the Plaintiffs' homes and property that Plaintiffs point out as being locations where flooding has occurred, locations which were damaged by flooding, locations where repairs were undertaken by the Plaintiffs, etc. But, since Plaintiffs' counsel is not able to review the video as it is being taken, counsel is unable to confirm that the videographer is actually and accurately capturing the locations, places and things being pointed out by the Plaintiffs. It will be nearly impossible for Plaintiffs' counsel to piece together the video and the audio and/or the transcript from the audio, *after the deposition,* to determine if the videographer accurately captured everything that Plaintiffs were identifying. Furthermore, in order to protect Plaintiffs and the record, Plaintiffs' counsel will need to raise numerous objections resulting in a lengthier and more contentious deposition.

      The Borough has failed to demonstrate why other means of discovery would not yield evidence equally helpful and relevant without imposing the burdens and dangers to which Plaintiffs will be subject with roving depositions-inspections including video and photographs. The discovery is obtainable in a more convenient and less burdensome manner. The information sought is far more easily and reliably obtained in the *judicial atmosphere* surrounding a traditional deposition (than in an *inspection atmosphere*), where Borough's counsel is free show the Plaintiffs photographs or question the Plaintiffs about photographs and videos they produced. Although the Federal Rules do not prescribe the order or preference for discovery techniques, one method cannot

Honorable Matthew J. Skahill, U.S.M.J.
October 29, 2024
Page 5

arbitrarily be demanded over another simply because it is less burdensome to the party seeking the discovery. *Becker,* 588 F.2d at 910. Traditional depositions do much to identify the items of discovery, while maintaining the accuracy and reliability contemplated by Rule 30. There is no reason Defendants should not engage in other methods of discovery such as written interrogatories and document requests, traditional, in-office depositions and *separate* videotaped and/or photographed site inspections by the Borough's counsel and/or experts, etc.

The Borough's proposed protocol is overly burdensome, fails to ensure accuracy and reliability, and the discovery can be obtained in a more convenience and less burdensome manner. Entry upon a party's premises to conduct an inspection is governed by Rule 34 of the Federal Rules. Indeed, Rule 34 permits entry upon "land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property … within the scope of Rule 26(b)." This is exactly what the Borough's counsel appears to be asking for. Since such inspections may entail greater burdens and risks, the general relevancy standard of Rule 26(b)(1) is not sufficient; instead, the Court is required to balance the need for the inspection against the burdens and dangers created by the inspection. *National Manufacturing Co.,* *1-2, *citing Belcher, supra.; McConnell v. Canadian Pacific Realty,* 280 F.R.D. 188, 191 (M.D. Pa. 2011); *U.S. Territory of the Virgin Islands,* 280 F.R.D. 232, 235 (D.V.I. 2015). Here, the balance weighs in favor of denying the Borough's request for the adoption and enforcement of a "deposition protocol." That said, an approach that Plaintiffs find reasonable and acceptable, and to which they would agree, is the exchange of written discovery responses, a property inspection by Defendants' Counsel and experts, the taking of video and photographs by

Honorable Matthew J. Skahill, U.S.M.J.
October 29, 2024
Page 6

Defendants' technicians, and then use of such video and photographs at Plaintiffs' depositions, conducted in a traditional setting. Plaintiffs also agree to the exchange of written discovery responses, in-office depositions and then property inspections by Defendants' counsel and experts, along with video and photographs.

    Respectfully submitted,

    Jennifer Hiller Nimeroff, Esquire
    Robert Sokolove, Esquire
    *Attorneys for Plaintiffs*

JHN/
cc:    All Counsel of Record (*via email*)