# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967



William F. Cook, Esq.
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
wcook@brownconnery.com

June 23, 2025

**Honorable Matthew J. Skahill, U.S.M.J.**                    <u>**VIA ECF**</u>
United States District Court, Camden
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Street, Courtroom 3C
Camden, New Jersey 08101

    Re:  <u>**Tedesco v. Borough of Haddonfield, et al.**</u>
       District of New Jersey Docket No. 1:24-cv-09005 (RMB/MJS)
       Our File 24-1667

Dear Judge Skahill:

   I represent Defendant Borough of Haddonfield ("Borough" or "Haddonfield") in this matter. Kindly accept this letter in response to a letter filed earlier today by counsel for the Plaintiffs (ECF No. 28).

   As background, Plaintiffs are ten (10) residents of five (5) different residential properties in the Borough. Plaintiffs allege that their properties are unmarketable, uninhabitable, and useless because the Borough has inversely condemned the properties. The Borough denies these allegations.

   At this time, three (3) of the four (4) counts of the Complaint are before Chief Judge Bumb on the Borough's motion for summary judgment due to Plaintiffs' failure to file required tort claim notices under the New Jersey Tort Claims Act ("TCA" or "Title 59") (ECF No. 20). The Borough's summary judgment motion has been fully briefed and the parties are awaiting a decision on whether these three (3) claims will be dismissed from the case.

   In Plaintiffs' letter (ECF No. 28), Plaintiffs contend that there are deficiencies in the Borough's interrogatory and document responses. Plaintiffs cite a deficiency letter sent on May 20, 2025 regarding these discovery responses.

**BROWN & CONNERY, LLP**

JUNE 23, 2025
PAGE 2

The Borough respectfully disagrees with Plaintiffs' allegations of discovery deficiencies. The Borough has provided responses to Plaintiff's First Set of Interrogatories and First Set of Document Requests. The Borough also lodged proper objections. Specifically, at least eleven (11) of Plaintiffs' twenty-one (21) initial interrogatories were contention interrogatories which are prohibited under Local Civil Rule 33.1 until sixty (60) days prior to the close of fact discovery. Additionally, many of the interrogatories and document requests were incredibly overbroad, had no time frame limitations, and/or called for expert opinions and as such are premature. Nonetheless, the Borough will provide a written response to Plaintiff's May 20th deficiency letter.

Next, Plaintiffs sent their Second Set of Document Requests on May 21, 2025. Under Fed. R. Civ. P. 34, responses were due on Friday, June 20th. The Borough admits that it is three (3) days late, but this office is working with the Borough to complete these responses.

The Borough provided an extensive supplemental document production on June 13, 2025, which amends and supplements the Borough's prior productions, and is also responsive to Plaintiff's Second Set of Document Requests. Ten (10) days ago, Plaintiffs requested further information as to what is contained in this supplemental production. Although the electronic files were specifically marked with the properties and information to which they pertain, this office will nonetheless agree to provide an index for that supplemental production.

The Borough seeks to proceed with the depositions of Plaintiffs in July and will work with all counsel to confirm those dates.

Thank you.

Respectfully submitted,

**BROWN & CONNERY, LLP**

*/s/ William F. Cook*

William F. Cook, Esquire

WFC/
cc:    All Record Counsel *(via email)*

7T56345