LAW OFFICES



# WEIR LLP

A Pennsylvania Limited Liability Partnership

20 Brace Road, Suite 201
Cherry Hill, New Jersey 08034
WEIRLAWLLP.COM

Jennifer Hiller Nimeroff
Member of PA and NJ Bars

Direct Dial (215) 241-7757
E-mail: jhiller@weirlawllp.com

July 30, 2025

**_Via ECF_**

Honorable Matthew J. Skahill, U.S.M.J.
United States District Court, Camden
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Street, Courtroom 3C
Camden, NJ 08101

    Re: Tedesco, et al. v. Borough of Haddonfield, et al.
       Civil Action No. 24-09005

Dear Judge Skahill:

  This law firm represents the Plaintiffs in connection with the above-referenced action. We write to inform the Court of an impasse with respect to discovery.

  As Your Honor is aware, on May 20, 2025, Plaintiffs issued a deficiency letter to the Defendant, Borough of Haddonfield (the "Borough"), detailing deficiencies with the Borough's written discovery responses and requesting supplemental responses ("Deficiency Letter"). Pursuant to Your Honor's directive, on July 1, 2025, the Borough issued a written response to the Plaintiffs' Deficiency Letter (dated April 9, 2025), holding firm to all of its objections. On July 9, 2025, a telephone conference took place during which counsel for Plaintiffs and counsel for the Borough discussed, primarily, the Plaintiffs' Interrogatories and the Borough's objections to them. While the telephone conference was productive in some respects, it was not productive in terms of the Borough agreeing to supplement any of its written discovery responses. Instead of providing information, the Borough prefers to dictate to the Plaintiffs how they should re-work and re-frame their Interrogatories.

**The Information Plaintiffs Seek Is Basic and Within the Borough's Possession**

  Interrogatory No. 1  Plaintiffs would like to know who designed and constructed the Borough's stormwater management system, and who is responsible for its repair and maintenance. The Borough has failed and refused to identify a single professional or contractor, instead stating "many professionals and contractors." Apparently, there was no overarching design of the Borough's stormwater management system, but instead, the system is a patchwork

Magistrate Judge Matthew J. Skahill
July 30, 2025
Page 2

of sorts. But that fact does not prevent answering the Interrogatory. While Plaintiffs acknowledge that the information sought is not easily obtained and may take time to put together, the Borough surely has the information and should be required to provide it.

<u>Interrogatory No. 4</u>  Plaintiffs would like the Borough to describe its efforts (if any) to reduce and/or control the amount of water which enters and flows through the stormwater management system near the Plaintiffs' properties, and whether such efforts have been successful. The Borough objects on vagueness grounds and claims that the Borough's operation and impact of is stormwater drainage system in the area of the Plaintiffs' properties is the subject of expert discovery.

<u>Interrogatory No. 5</u> Plaintiffs would like to know whether the Borough has undertaken any analysis or studies to determine how stormwater can more efficiently flow through its stormwater system and, if so, to describe the analysis or studies undertaken. The Borough objects on vagueness grounds again stating that the answer is the subject of expert discovery. Plaintiffs provided clarification to the Borough, agreeing to limit the question to the intersection of Chews Landing Road and Station Avenue, and Kings Highway, but the Borough asserts that that question is overbroad.

<u>Interrogatory No. 6</u> Plaintiffs would like the Borough to identify all the complaints it has received regarding issues with drainage or problems involving drainage relating to the stormwater system near the Properties. The Borough objects on vagueness grounds, and Plaintiffs responded by providing clarification. Plaintiffs limited the time frame to 1989 to the present and homes withing ¼ mile radius from the intersection of Chews Landing Road and Station Avenue. The Borough objected to the Plaintiffs' parameters, claiming that a complaint within a ¼ mile radius has no relevance or bearing on this litigation. The Borough failed to state what parameters it would find acceptable in order for it to respond.

<u>Interrogatory 19</u> Plaintiffs would like to know when the Borough first learned of flooding issues in and around Plaintiffs' properties. The Borough objected on vagueness grounds. Based upon the documents Plaintiffs produced in discovery and statements made by various Borough officials over the years, it is beyond dispute that the Borough has been aware of flooding issues in and around the intersection of Chews Landing Road and Station Avenue and areas of Kings Highway for many years. Plaintiffs would simply like to know when the Borough first learned of flooding issues at these locations, how the issues were learned, who learned of it and what actions the Borough has taken in response. This information, like all the other information requested, is relevant and critical, and is within the Borough's possession and control, and should be provided.

Plaintiffs have been requesting this information since they served discovery back in October, 2024, some of which is so basic that its absence interferes with Plaintiffs' ability to pursue meaningful discovery. Plaintiffs are (and have been) prejudiced by the Borough's failure to provide discovery and should not be required to conduct depositions without basic

Magistrate Judge Matthew J. Skahill
July 30, 2025
Page 3

information. An order compelling the Borough to provide supplemental responses to Plaintiffs' discovery is necessary.

                                            Very truly yours,

                                            JENNIFER HILLER NIMEROFF
                                            ROBERT D. SOKOLOVE

JHN/
cc:    William Cook, Esquire (*via* ECF)
        Joseph T. Carney, Esquire (*via* ECF)