# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967

William F. Cook, Esq.
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
wcook@brownconnery.com

August 11, 2025

**Honorable Matthew J. Skahill, U.S.M.J.**   **VIA ECF**
United States District Court, Camden
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Street, Courtroom 3C
Camden, New Jersey 08101

        Re:    **Tedesco v. Borough of Haddonfield, et al.**
                  District of New Jersey Docket No. 1:24-cv-09005 (RMB/MJS)
                  Our File No. 24-1667

Dear Judge Skahill:

      Our office represents the Defendant Borough of Haddonfield ("Borough" or "Haddonfield") in this matter. There is currently a conference scheduled before Your Honor on August 19, 2025 (ECF No. 39) to address alleged discovery issues raised in a letter filed on July 30, 2025 from Plaintiffs' counsel (ECF No. 38). In accordance with the Court's Text Order issued following the July 31, 2025 telephone status conference (ECF No. 39), kindly accept this correspondence in response to Plaintiffs' letter.

      By way of background, the Plaintiffs accurately state that a "meet and confer" telephone call took place on July 9, 2025 which was productive in certain respects. In other respects, the Borough did in fact reiterate its objections. Finally, in some respects, the Borough's understanding was that, based upon the discussion in the July 9th call, the Plaintiffs would review their position and get back to our office. Therefore, we were surprised to review Plaintiffs' letter of July 30, 2025 without first hearing back from counsel.

      By way of further background, most if all of the information requested in the subject interrogatories has already been provided to Plaintiffs in a number of extensive supplemental document productions since Plaintiffs' initially raised these alleged discovery deficiencies in May 2025. This includes, but is not limited to, detailed information relating to the Borough's stormwater system, both throughout the municipality and in the area of the subject properties.

7TO946102

## BROWN & CONNERY, LLP

Honorable Matthew J. Skahill, U.S.M.J.
AUGUST 11, 2025
Page 2

    All of that said, the supplemental responses in this letter are an attempt to resolve the pending discovery dispute. The Borough reserved the right to supplement its answers as additional information, if any, becomes available during discovery.

**Interrogatory No 3.**[1]

    Identify who (a) designed and (b) constructed the Borough's Stormwater Management System and (c) who is responsible for its repair and maintenance.

**RESPONSE:**[2]

The Borough's stormwater system is the product of a multitude of projects going back decades, involving many professionals and contractors. Further specificity is needed in the interrogatory as to a particular area of the Borough and a particular time frame. Identification of who designed and constructed projects from any point in time is overbroad. Repair and maintenance is accomplished through the Borough, its retained professionals, and contractors.

**SUPPLEMENTAL RESPONSE:**[3]

    The response is proper. As an initial matter, this is a compound interrogatory as it consists of three (3) separate interrogatories. The request references the "Borough's stormwater management system" with no reference to time or geographical limitation. Judge Skahill indicated at the last conference that further specificity would be necessary for this type of interrogatory. The Borough fairly answered that the "system" is the product of a multitude of projects going back decades, with multiple professionals and contractors. By way of further response, the Borough Engineer is available for deposition to discuss further specifics as to the area in question.

---

[1]    Plaintiffs inadvertently refer to Interrogatory Number 1 in their letter.
[2]    The Text under the heading Response in this correspondence is the Borough's initial response dated April 23, 2025.
[3]    The Text under the heading Supplemental Response in this correspondence is the Borough's supplemental response dated July 1, 2025 in response to Plaintiffs' deficiency letter dated May 20, 2025.

**BROWN & CONNERY, LLP**

Honorable Matthew J. Skahill, U.S.M.J.
AUGUST 11, 2025
Page 3

      The Borough further observes that Plaintiffs are in possession of the Borough's Stormwater Management Plan, Borough Stormwater Ordinance, and related Borough-wide publications which discuss the Borough's stormwater program. These were produced through Rule 26 Disclosures.

**RESPONSE DATED AUGUST 11, 2025**:[4]

      For the stormwater pipe system in the area of the properties, see *inter alia*, HF 3217-3775, including the multiple plans contained therein, as well as the included pipe videos. See also HF 3774-3775 (additional design documentation). See also Pennoni design study produced in response to the Borough's subpoena (including but not limited to PENNONI290-380). See also multiple engineering plans and studies for the extensive renovations and regrading at the properties of the Palladinos, Walshes, and 50 Chews Landing which have negatively impacted and substantially altered the Borough's system (HF 3217-3775), as well as the design documentation produced in relation to the Sandmeyer property (HF3713). The Borough will respond to specific pipe construction and maintenance information in response to Plaintiffs' request for specific pipes.

**Interrogatory No 4.**

      Describe all efforts the Borough has undertaken to reduce and/or control the amount of water which enters and flows through the stormwater management system near the Properties, and describe how successful those efforts have been.

**RESPONSE:**

The interrogatory is vague with respect to "reduce and/or control water which enters and flows through the stormwater management system near the Properties" and further vague as to the "how successful those efforts have been." By way of further response, the Borough's operation and impact of the stormwater drainage system in the area of the Properties will be the subject of expert discovery.

---

[4] The text under the heading "Response Dated August 11, 2025" in this correspondence is the Borough's supplemental response for purposes of attempting to resolve the pending dispute.

7TO946102

**BROWN & CONNERY, LLP**

Honorable Matthew J. Skahill, U.S.M.J.
AUGUST 11, 2025
Page 4

**SUPPLEMENTAL RESPONSE:**

The objection is fairly stated. Again, this is a compound interrogatory – there are at least 3-4 interrogatories contained within this interrogatory. Additionally, further clarification is needed as to "reduce and/or control" and how the term "successful" is defined. These are also properly within the realm of expert opinion.

**RESPONSE DATED AUGUST 11, 2025:**

The Plaintiffs indicated they would review their request during the "meet and confer call" on July 9, 2025. The Borough requests a ruling that further specificity be required.

**Interrogatory No 5.**

Has the Borough undertaken any analysis or studies to determine how the water can more efficiently flow through its stormwater management system; and if so, describe the analysis or studies undertaken, when such analysis or studies were undertaken and the results obtained.

**RESPONSE:**

The interrogatory is vague with respect to the term "more efficiently flow" and is further overbroad insofar as it refers the Borough's stormwater system at any area at any point in time. Further specificity is required. By way of further response, the Borough's operation and impact of the stormwater drainage system in the area of the Properties will be the subject of expert discovery.

**SUPPLEMENTAL RESPONSE:**

This, again, is extremely overbroad as it has no reference or bearing to the geographic area and has no time limitation. The Borough has further properly responded that the efficiency of stormwater flow is an expert issue. Every single analysis or study bearing on stormwater at any time in the Borough at any place, down to the level of a drainage analysis for a construction project or a drainage study for an individual property, is absolutely irrelevant. This would require the Borough to go back through decades of files, records, and information for every

7TO946102

**BROWN & CONNERY, LLP**

Honorable Matthew J. Skahill, U.S.M.J.
AUGUST 11, 2025
Page 5

residence and property in the Borough, every street, every intersection, and essentially every other geographical area for which drainage was considered or studied.

**RESPONSE DATED AUGUST 11, 2025:**

The Plaintiffs indicated they would review their request during the "meet and confer call" on July 9, 2025. By way of further response, and for the purpose of resolution of this dispute, the Borough, like most of New Jersey's municipalities, retains professional engineers stormwater engineers continue to monitor and evaluate stormwater drainage. Stormwater drainage has been the subject of consistent study at all relevant times through the Borough's outside engineers. The Borough also monitors, but cannot control, the actions of individual residents, contractors, and professionals who engage in actions to disturb or disrupt the Borough's stormwater drainage efforts. The Borough has also coordinated with multiple other governmental entities, including but not limited to the County of Camden and the Boroughs of Audubon, Haddon Heights, and Haddon Township for the purpose of addressing what is a regional issue. For applicable studies, see multiple studies already produced in discovery, including those referenced in response to Interrogatory No. 3, supra.

**Interrogatory No 6.**

Set forth all complaints the Borough has received regarding any issues or problems involving drainage relating to the stormwater management system near the Properties.

**RESPONSE:**

The interrogatory is overbroad as it has no time frame and further references "near the Properties" which is vague.

**SUPPLEMENTAL RESPONSE:**

The objection is proper. In your letter, you state that the "Borough could certainly have responded to this Interrogatory, despite its objections, providing the parameters it selected." The Borough has no obligation to reconstruct or rewrite Plaintiffs' poorly-written interrogatory. And you are absolutely correct that "the Borough appears to want definitive parameters from the Plaintiffs." The Borough is entitled to a properly phrased interrogatory. You have now provided updated parameters from 1989 to the present for complaints and a ¼ mile radius. The Borough still objects to this time frame and radius. A complaint from 1990 several blocks away has no relevance or bearing on this litigation.

7TO946102

**BROWN & CONNERY, LLP**

Honorable Matthew J. Skahill, U.S.M.J.
AUGUST 11, 2025
Page 6

**RESPONSE DATED AUGUST 11, 2025:**

During the "meet and confer" call on July 9, 2025, the Borough indicated that it would have to agree to disagree and direct this interrogatory to Judge Skahill.

**Interrogatory No 19.**

Set forth when the Borough first learned of flooding issues in and around Plaintiffs' Properties and describe in detail the names of the persons who learned of the flooding, their position within the Borough, the information that was conveyed to the Borough and the Borough's response.

**RESPONSE:**

The interrogatory is vague regarding the term "flooding issues". As is the case in and beyond the Borough, heavy rain events will occur from time-to-time that may result in localized flooding. With the assistance of retained professionals, and as will be explained further in expert discovery, the Borough designs its stormwater systems in accordance with applicable design standards. The Borough did not receive any tort claim notices as required by law from any of the Plaintiffs in this action as to any recent issues or concerns.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs contend that this is not a proper response. The truth is that Plaintiffs do not like the response. The Borough was not placed on notice as required by state law of alleged damages from alleged negligence of the Borough. This was never done for purposes of any damages that are asserted in this case. This interrogatory is also multiple interrogatories contained in a single interrogatory.

7TO946102

**BROWN & CONNERY, LLP**

Honorable Matthew J. Skahill, U.S.M.J.
AUGUST 11, 2025
Page 7

Your letter does not clarify the issue. You indicate "flooding issues" "in and around the intersection of Chews Landing Road and Station Avenue, and Kings Highway" and that Plaintiffs "would like to know when the Borough first learned of this flooding issue at this location". Please identify which "flooding issue" on Kings Highway you are referring to. None of the properties in question abut Kings Highway except the Sandmeyer property. Plaintiffs have not identified *any* stormwater coming from Kings Highway onto the Sandmeyer property. As to the intersection of Chews Landing and Station Avenue, please be advised that further specification of time frame is required due to a series of construction projects undertaken by residents in the area that have seriously impacted stormwater drainage, including the completely unauthorized actions by a resident to access a stormwater drain without any notice to the Borough and which seriously impacted the stormwater drainage system, as well as other reckless actions by various residents in this area that have caused serious environmental changes. These issues and concerns continue to be subject to ongoing discovery.

**<u>RESPONSE DATED AUGUST 11, 2025</u>:**

The Borough stands by its prior objections and responses.

We look forward to addressing these issues with Your Honor on August 19, 2025.

Thank you.

Respectfully submitted,

**BROWN & CONNERY, LLP**

*/s/ William F. Cook*

William F. Cook, Esquire

WFC/
cc:   All Record Counsel *(via ECF)*

7TO946102