

LAW OFFICES
# WEIR LLP
A Pennsylvania Limited Liability Partnership

20 Brace Road, Suite 201
Cherry Hill, New Jersey 08034
WEIRLAWLLP.COM

| | |
|---|---|
| **Jennifer Hiller Nimeroff** | Direct Dial (215) 241-7757 |
| Member of PA and NJ Bars | E-mail: jhiller@weirlawllp.com |

September 24, 2025

**_Via ECF_**

Honorable Renee M. Bumb, U.S.D.J.
Chief Judge, United States District Court, Camden
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Street, Courtroom 3C
Camden, NJ 08101

        **Re:**    **Tedesco, et al. v. Borough of Haddonfield, et al.**
                **Civil Action No. 24-09005**

Dear Chief Judge Bumb:

     This law firm represents the Plaintiffs in connection with the above-referenced action. We write to respond to Mr. Cook's letter to the Court on September 22, 2025 (Dkt. No. 57) and to inform the Court of a development.

     Mr. Cook's letter advises the Court of a recent decision issued by Judge Williams in the matter captioned *Caputo v. Township of Cherry Hill,* Docket No. 1:24-cv-07723 (the "*Caputo* Case"). That decision granted partial summary judgment in favor of Mr. Cook's client, the Township of Cherry Hill, dismissing the plaintiffs' tort claims based upon their failure to file tort claim notices. He asserts that the *Caputo* Case "mirrors" the instant case and that the Court should grant the Borough of Haddonfield's Motion for Partial Summary Judgment (Dkt. No. 20) and dismiss the Plaintiffs' tort claims for dangerous condition/negligence, nuisance and trespass.

     Plaintiffs submit to the Court that while the procedural history of the *Caputo* Case and the instant case may be similar, the facts are not. And, whether or not the Borough of Haddonfield received notice of Plaintiffs' tort claims and whether Plaintiffs' in the instant case are determined to have substantially complied with the New Jersey Tort Claims Act's notice requirement set forth in N.J.S.A 59:8-8, are issues that turn on the particular facts presented. The facts in this case demonstrate that the Borough had actual notice of Plaintiffs' claims relating to the flooding of their properties, has purportedly undertaken several investigations of the various Plaintiffs' flooding complaints, and has long had all the information that would be provided in a formal Tort Claims Notice. Accordingly, the Borough's Motion for Partial Summary Judgment should be denied.

Chief Judge Baum
September 24, 2025
Page 2

      As to developments since Plaintiffs filed their response to the Borough's Motion for Partial Summary Judgment, on August 13, 2025, Plaintiffs filed with the Borough of Haddonfield five (5) individual Notices of Tort Claim for flooding that occurred on their properties on May 16, 2025, July 1, 2025 and July 27, 2025. The Borough has yet to respond. After the expiration of six (6) months from the date of the Notices, Plaintiffs are permitted to commence a tort-related suit against the Borough related to these flooding events.

      On September 9, 2025, the Borough provided supplemental responses to Interrogatory Nos. 6 and 19, both of which were not yet answered at the time Plaintiffs filed their response to the Borough's Motion for Partial Summary Judgment. *See* Plaintiffs' Supplemental Statement of Material Fact Pursuant to Local Civ. Rule 56.1(a), ¶¶20-21. Interrogatory No. 6 asked the Borough to identify all the complaints it received regarding any issues or problems involving drainage relating to the stormwater management system near the Plaintiffs' properties. Interrogatory No. 19 asked the Borough to set forth when it first learned of the flooding issues in and around the Plaintiffs' properties and to describe in detail the names of those persons who learned of the flooding, their position with the Borough, the information that was conveyed to the Borough and the Borough's response. These Interrogatories shed light on whether, when and to what extent the Borough was on notice (a) of drainage issues in the area of the Plaintiffs' properties and (b) of Plaintiffs' tort claims. The Borough's efforts to avoid directly responding to these Interrogatories is manifest.

      As to Interrogatory No. 6, the Borough responded that it, through its counsel, is conducting a review of the Borough's ESI and the Borough's GovPilot system to identify complaints it received *other than* those complaints the Plaintiffs produced to the Borough in discovery. Apparently that review is still ongoing. As to Interrogatory No. 19, the Borough concedes receiving Mr. Tedesco's written complaints which date back to 1987, Mr. Paladino's communications to the Borough in the 2018-2020 timeframe, and Ms. Sandmeyer's complaints in 2020. The Borough reports having responded to such complaints. In summary, Plaintiffs are in a holding pattern, waiting for the Borough to complete its electronic investigation pertaining to Interrogatory No. 6.

Chief Judge Baum
September 24, 2025
Page 3

      Plaintiffs' respectfully request that this letter be included in the record relating to the Borough's Motion for Partial Summary Judgment.

                                                    Respectfully submitted,

                                                    JENNIFER HILLER NIMEROFF
                                                    ROBERT D. SOKOLOVE

JHN/
cc:     William Cook, Esquire (*via* ECF)
         Joseph T. Carney, Esquire (*via* ECF)