# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHELE AND FRANK TEDESCO, et al.**<br><br>**Plaintiffs,**<br><br>v.<br><br>**BOROUGH OF HADDONFIELD** and **NEW JERSEY-AMERICAN WATER COMPANY, INC.,**<br><br>**Defendants.** | CIVIL ACTION<br><br>Docket No. 1:24-cv-09005-RMB-MJS |

**BRIEF ON BEHALF OF DEFENDANT BOROUGH OF HADDONFIELD IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS OF STEVEN MELLUL**

**BROWN & CONNERY LLP**
William F. Cook, Esquire
Joseph T. Carney, Esquire
Brianna M. Morello, Esquire
360 North Haddon Avenue
Westmont, New Jersey 08108
*Attorneys for Defendant Borough of Haddonfield*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . iii

INTRODUCTION . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . 1

**ARGUMENT** . . . . . . . . . 3

    **I.   SUMMARY JUDGMENT SHOULD BE GRANTED
         IN FAVOR OF THE BOROUGH OF HADDONFIELD
         AS TO ALL CLAIMS OF STEVEN MELLUL BECAUSE
         HE IS NOT THE OWNER OF 80 CHEWS LANDING
         ROAD.** . . . . . . . . 3

CONCLUSION . . . . . . . . . 5

# TABLE OF AUTHORITIES

## CASES

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) . . . . . . . . 3

City of Long Branch v. Jui Yung Liu,
203 N.J. 464, 4 A.3d 542 (2010) . . . . . . 4

Greenway Dev. Co. v. Borough of Paramus,
163 N.J. 546, 750 A.2d 764 (2000) . . . . . . 4

Klumpp v. Borough of Avalon,
202 N.J. 390, 997 A.2d 967 (2010) . . . . . . 4

Matsushita Electric Indus. Co., Ltd. v. Zenith Radio,
475 U.S. 574 (1986) . . . . . . . . 3

Orleans Builders v. Byrne,
186 N.J. Super. 432, 453 A.2d 200 (App. Div.),
certif. denied, 91 N.J. 528 (1982) . . . . . . 4

Pinkowski v. Township of Montclair,
299 N.J. Super. 557, 691 A.2d 837 (App. Div. 1997) . . . 4

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 56(a) . . . . . . . . 3

## INTRODUCTION

This action is brought by several Plaintiffs alleging theories of negligence, nuisance, trespass, and inverse condemnation as to certain residential properties in the Borough of Haddonfield. Plaintiff Steven Mellul alleges that he owns one of these properties, 80 Chews Landing Road. He does ***not*** own that property. Steven Mellul and Jodi Fox-Mellul deeded the property as husband and wife to Jodi Fox-Mellul, a married woman, by deed on March 29, 2024. Accordingly, Steven Mellul is not the owner of 80 Chews Landing Road as asserted in the Complaint (ECF No. 1). Steven Mellul's claims should be dismissed with prejudice.

## FACTUAL BACKGROUND

This lawsuit was originally filed in Camden County Superior Court on August 8, 2024. Haddonfield removed the case on September 6, 2024 (ECF Docket No. 1, Notice of Removal).

In the Complaint, Plaintiffs allege that they sustained damages from various unspecified rain events over a number of years (ECF No. 1). They assert claims for: (1) negligence/dangerous condition under the New Jersey Tort Claims Act (Count I); (2) nuisance (Count II); (3) trespass (Count III); and (4) inverse condemnation (Count IV).

All Plaintiffs failed to file required Title 59 Tort Claim Notices, and accordingly, the Borough has moved for summary judgment as to all Title 59-

covered claims (ECF No. 20). That motion is fully briefed and pending for disposition.

Additionally, the Complaint asserts that "Steven Mellul" is "at all relevant times owners of…80 Chews Landing Road" (ECF No. 1, Complaint, Introduction and ¶ 1).

As discovery has now shown, Steven Mellul does not own 80 Chews Landing Road.

On January 16, 2014, John J. Marquess and Carol A. Marquess granted all rights and title in 80 Chews Landing Road to Steven D. Mellul and Jodi Fox-Mellul (SUMF ¶ 1, Ex. D-1).

On March 29, 2024, Steven D. Mellul and Jodi Fox-Mellul granted all rights and title in 80 Chews Landing Road to Jodi Fox-Mellul (SUMF ¶ 2, Ex. D-2). According, Steven Mellul ceased all property rights and interest in 80 Chews Landing Road on March 29, 2024, four months before filing this lawsuit.

## ARGUMENT

**I. SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF THE BOROUGH OF HADDONFIELD AS TO ALL CLAIMS OF STEVEN MELLUL BECAUSE HE IS NOT THE OWNER OF 80 CHEWS LANDING ROAD.**

Summary judgment should be granted in favor of the Borough as to all claims of Steven Mellul because he is not the owner of 80 Chews Landing Road.

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must adduce more than a scintilla of evidence in its favor, and cannot simply assert or reassert factually unsupported allegations in its brief or pleading. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."); Matsushita Electric Indus. Co., Ltd. v. Zenith Radio, 475 U.S. 574, 586-87 (1986) (citations omitted).

As has become apparent through discovery, Steven Mellul is not the owner of 80 Chews Landing Road. Steven Mellul and Jodi Fox-Mellul are apparently asserting their claims in this lawsuit as husband/wife, but their ownership of the property as husband/wife terminated on March 29, 2024 by deed to Jodi Fox-Mellul.

With Steven Mellul's interest in the property terminating four months prior to the filing of the lawsuit, he is not the "owner" of the property..

With respect to any common law claim for inverse condemnation, that claim carries a six-year statute of limitations. Klumpp v. Borough of Avalon, 202 N.J. 390, 409-10, 997 A.2d 967 (2010). On such a claim, "a landowner is seeking compensation for a de facto taking of his or her property." Greenway Dev. Co. v. Borough of Paramus, 163 N.J. 546, 553, 750 A.2d 764 (2000).

"[I]t is a basic requirement of inverse condemnation that the plaintiff-land owner show that any deprivation of the beneficial use of his property is the result of the exercise of government authority and that the property has in fact been impaired." Pinkowski v. Township of Montclair, 299 N.J. Super. 557, 575, 691 A.2d 837 (App. Div. 1997).  A property owner may not, however, assert a claim of inverse condemnation unless it has been "'deprived of all or substantially all of the beneficial use of the totality of [the] property as the result of excessive police power regulation.'" Pinkowski, 299 N.J. Super. at 575 (emphasis omitted) (quoting Orleans Builders v. Byrne, 186 N.J. Super. 432, 446-47, 453 A.2d 200 (App. Div.), certif. denied, 91 N.J. 528 (1982)).  A party is not entitled to compensation for the taking of property it never owned.  City of Long Branch v. Jui Yung Liu, 203 N.J. 464, 486, 4 A.3d 542 (2010).

Here, the six-year cutoff for an inverse condemnation claim would be August 8, 2018, six (6) years before the filing of the lawsuit. Steven Mellul was co-owner of of the property during the time frame of August 8, 2018 to March 29, 2024. However, there are no specific facts alleged in the Complaint that any "inverse condemnation" occurred in this time frame (ECF No. 1).  Instead, Steven Mellul and Jodi Fox-Mellul deeded the property for consideration to Jodi Fox-Mellul, a married woman, on March 29, 2024. Steven Mellul's rights to the property were not impaired by the government.

4

## **CONCLUSION**

Summary judgment should be granted in favor of the Borough as to all claims by Steven Mellul.

Respectfully submitted,

**BROWN & CONNERY LLP**

By:  */s/ William F. Cook*
     William F. Cook

DATED:        November 5, 2025

On the Brief:    William F. Cook, Esquire
                Joseph T. Carney, Esquire
                Brianna M. Morello, Esquire