UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELE AND FRANK TEDESCO, ET AL | : <br> : <br> : |
| Plaintiffs | : CIVIL ACTION <br> : |
| v. | : NO. 24-09005-RMB-JMS <br> : |
| BOROUGH OF HADDONFIELD NEW JERSEY, ET AL | : <br> : <br> : |
| Defendants. | : <br> : |

**PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION TO QUASH AND FOR A PROTECTIVE ORDER**

**Motion Day: December 1, 2025**

Dated: November 11, 2025

        WEIR LLP
        A Pennsylvania Limited Liability Partnership

        BY: /s/ *Jennifer Hiller Nimeroff*
            Jennifer Hiller Nimeroff, Esquire
            Robert D. Sokolove, Esquire, *pro hac vice*
            1300 Route 73, Suite 314
            Mt. Laurel, NJ 08054
            (856) 429-7750
            (856) 427-0360 (Facsimile)
            jhiller@weirlawllp.com
            rsokolove@weirlawllp.com

        *Attorneys for Plaintiffs*

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | ii |
| I. | Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1 |
| II. | Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1 |
| III. | Legal Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2 |
| | A. The Subpoena Should Be Quashed And A Protective Order Imposed, As Discovery Related To Haddonfield Development Group, LLC Is Irrelevant To This Civil Action And A Fishing Expedition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2 |
| | B. Should The Court Not Quash The Subpoena, The Borough Should Not Be Permitted To Depose Dr. Fox-Mellul Or Rose Palladino Regarding Haddonfield Development Group, LLC. | 5 |
| IV. | Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 7 |

# TABLE OF AUTHORITIES

**Cases**                                                               Page

*Andrews v. Holloway,*
    256 F.R.D. 136 (D.N.J. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5-6

*Caver v. City of Trenton,*
    192 F.R.D. 154, 159 (D.N.J. 2000) . . . . . . . . . . . . . . . . . . . . . . . . .   3, 4

*Hickman v. Taylor,*
    329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed 451 (1947) . . . . . . . . . . .   3

*Lesal Interiors, Inc. v. Resolution Trust Corp.,*
    153 F.R.D. 552, 560 (D.N.J. 1994) . . . . . . . . . . . . . . . . . . . . . . . . .   3

*Oppenheimer Fund, Inc. v. Sanders,*
    437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) . . . . . . . .   3

*Pearson v. Miller,*
    211 F.3d 57, 65 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Scouler v. Craig,*
    116 F.R.D. 494, 496 (D.N.J. 1987) . . . . . . . . . . . . . . . . . . . . . . . . .   3

**Rules**

Fed.R.Civ.P. 26(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Fed.R.Civ.P. 26(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

**I.     PRELIMINARY STATEMENT**

This civil action, brought by five families who reside in the Borough of Haddonfield, against the Borough of Haddonfield (the "Borough") and New Jersey American Water, Inc. ("NJAW" and, together with the Borough, "Defendants"), arises from Defendants' failure to, among other things, maintain and repair their respective systems as to prevent unsanitary stormwater from flooding Plaintiffs' properties during rain events. The matter is presently before the Court on Plaintiffs' Motion to Quash Subpoena and for a Protective Order.

**II.    STATEMENT OF FACTS**

On August 8, 2024, Plaintiffs commenced this civil action by filing a Complaint against the Defendants for dangerous condition/negligence, trespass and nuisance arising from Defendants' failure to, among other things, maintain and repair their respective systems as to prevent unsanitary stormwater from flooding Plaintiffs' properties during rain events. (Certification of Counsel ("Cert."), ¶4). Plaintiffs also assert a claim against the Borough for inverse condemnation. (*Id.*; ECF/CM Docket No. 1).

On November 4, 2025, counsel for the Borough served a Subpoena on Tavis Karrow, in his capacity as Registered Agent for Haddonfield Development Group, LLC, seeking corporate formation and dissolution documents and documents and communications pertaining to the company's loans, contracts and agreements,

1

including promissory notes and guaranty agreements (the "Subpoenaed Documents"). The Subpoena is returnable November 19, 2025. A true and correct copy of the Subpoena is attached the Cert. as Exhibit "A".

Haddonfield Development Group, LLC is a now-defunct business entity that had been involved in development/residential construction in the Borough of Haddonfield. (Cert., ¶6). Plaintiffs Steven Mellul and Victor Palladino were the members of the business entity when it was a going concern.

Prior to issuance of the Subpoena, during the first day of Plaintiff Jodi Mellul's ("Dr. Fox Mellul") deposition on October 17, 2025, the Borough inquired about Dr. Fox Mellul's knowledge of the business operations of Haddonfield Development Group, LLC. Dr. Fox Mellul is not now, nor has she ever been, a member, employee or affiliate of Haddonfield Development Group, LLC. (Cert., ¶9). Similarly, Victor Palladino's wife, Plaintiff Rose Palladino, is not now, nor has she ever been, a member, employee or affiliate of Haddonfield Development Group, LLC. (Cert., ¶10).

III.    **LEGAL ARGUMENT**

**A. The Subpoena Should Be Quashed And A Protective Order Imposed, As Discovery Related To Haddonfield Development Group, LLC Is Irrelvant To This Civil Action And A Fishing Expedition.**

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved

2

in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party ... if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." (emphasis added) F.R.C.P. 26(b)(1). Any information sought by the parties need not be admissible at trial, but is discoverable if it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* Courts have construed this rule liberally, "creating a broad range for discovery which would 'encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.' " *Caver v. City of Trenton,* 192 F.R.D. 154, 159 (D.N.J. 2000) (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); *Lesal Interiors, Inc. v. Resolution Trust Corp.,* 153 F.R.D. 552, 560 (D.N.J. 1994)). However, the scope of discovery has "ultimate and necessary boundaries." *Id.* (citing *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). Whether certain documents are relevant is "viewed in light of the allegations of the complaint, not as to evidentiary admissibility." *Scouler v. Craig,* 116 F.R.D. 494, 496 (D.N.J. 1987). Relevant information need not be admissible at trial, however, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver,* 192 F.R.D. at 159.

3

Also, the Court has a responsibility to protect privacy and confidentiality interests. *Pearson v. Miller,* 211 F.3d 57, 65 (3d Cir. 2000). Hence, the Court has authority to "fashion a set of limitations that allow as much relevant material to be discovered as possible, while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." *Id.* For instance, the Court has discretion to issue protective orders to prevent annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c).

The Subpoena seeks information that is not relevant to the claims set forth in Plaintiffs' Complaint and, therefore, should be quashed. Haddonfield Development Group is a now-defunct business entity that had been involved in development/residential construction. Plaintiffs Steven Mellul ("Dr. Mellul") and Victor Palladino ("V. Palladino") were the members of the business entity when it was a going concern. The Subpoenaed Documents, specifically, corporate formation and dissolution documents, and documents and communications pertaining to the company's loans, contracts and agreements, including promissory notes and guaranty agreements, are not relevant to the Borough's drainage system, the Borough's drainage and flooding issues, the flooding experienced at and about the Plaintiffs' homes, or the Plaintiffs' claims against the Borough for dangerous condition/negligence, trespass, nuisance and inverse condemnation. Even looking at the Borough's separate and affirmative defenses alleged in its Answer (Dkt. No. 4)

4

related to immunity, good faith exercise of official duties, the Plaintiffs' non-compliance with the New Jersey Tort Claims Act, Act of God, negligence and damages, it is evident that the business operations of a now defunct construction company, its agreements and communications, and the loans it took and the guarantees of such loans by its members (if any), are completely irrelavent. The Subpoena is nothing more than a fishing expedition and a clear attempt to harass Dr. Mellul and V. Palladino and should be quashed and a protective order entered preventing any discovery in this case related to Haddonfield Development Group.

### B. Should The Court Not Quash The Subpoena, The Borough Should Not Be Permitted To Depose Dr. Fox-Mellul Or Rose Palladino Regarding Haddonfield Development Group, LLC.

The deposition of Dr. Fox Mellul commenced on October 17, 2025. Dr. Fox Mellul is Dr. Steven Mellul's wife. She is not now, nor was she ever, a member or employee of Haddonfield Development Group. She has no affiliation with Haddonfield Development Group. She has no firsthand knowledge of the business operations of Haddonfield Development Group. Clearly, any information she may have about Haddonfield Development Group she learned from her husband, Dr. Steven Mellul, would be protected by the marital privilege.[1] Despite this, the

---

[1] Dr. Fox Mellul's testimony would also be limited by the marital communications privilege. Federal common law (and New Jersey law) both recognize a privilege for marital communications. *Andrews v. Holloway*, 256 F.R.D. 136 (D.N.J. 2009). It prohibits the disclosure (in civil and criminal cases) of communications among spouses. *Id.* The communication must be confidential (made

Borough spent significant amounts of time at Dr. Fox Mellul's initial deposition asking her questions about the business, its projects, its clients and litigation matters. The Borough simply has not and cannot make any showing that Dr. Fox Mellul has any firsthand information which would be relevant to the present litigation. Accordingly, a protective order should be granted preventing the Borough (and NJAW) from seeking testimony from Dr. Fox Mellul regarding Haddonfield Development Group at her continued deposition (which is in the process of being scheduled).

The deposition of plaintiff Rose Palladino is scheduled for December 10, 2025. Rose Palladino is V. Palladino's wife. She is not now, nor was she ever, a member or employee of Haddonfield Development Group. She has no affiliation with Haddonfield Development Group. She has no firsthand knowledge of the business operations of Haddonfield Development Group. Any information she may have about Haddonfield Development Group she learned from her husband, V. Palladio, would be protected by the marital privilege. *See also* Note 1. The Borough has not and cannot make any showing that Rose Palladino has any firsthand information which would be relevant to the present litigation. Accordingly, a protective order should be granted preventing the Borough (and NJAW) from

---

outside the presence of a third party) and have a reasonable expectation of privacy. *Id.*

6

seeking testimony from Rose Palladio regarding Haddonfield Development Group at her deposition.

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order quashing the Subpoena directed to Tavis Karrow seeking business records pertaining to Haddonfield Development Group, LLC, and enter a protective order prohibiting any further discovery related to this business entity.

                                                   Respectfully submitted,

Dated:  November 11, 2025        WEIR LLP
                                             A Pennsylvania Limited Liability Partnership

                                       BY:   *s/ Jennifer Hiller Nimeroff*
                                                Jennifer Hiller Nimeroff, Esquire
                                                Robert D. Sokolove, Esquire
                                                1300 Route 73, Suite 314
                                                Mt. Laurel, NJ 08054
                                                (856) 429-7750
                                                (856) 427-0360 (Facsimile)
                                                jhiller@weirlawllp.com
                                                rsokolove@weirlawllp.com

                                                *Attorneys for Plaintiffs*