UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHELE AND FRANK TEDESCO, ET AL | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 24-09005-RMB-JMS |
| | : | |
| BOROUGH OF HADDONFIELD NEW JERSEY, ET AL | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATION OF COUNSEL**

Jennifer Hiller Nimeroff, of full age, being duly sworn, declares pursuant to 28 U.S.C. § 1746 that:

1. I am a member of the firm Weir LLP and counsel for Plaintiffs, Michele and Frank Tedesco, Rose and Victor Palladino, Alex and Sheila Colalillo, Jodi and Steven Mellul and Alice and Ronald Sandmeyer.

2. I have personal knowledge of the facts stated herein.

3. I make this declaration in support of Plaintiffs' Motion to Quash Subpoena and for a Protective Order.

4. On August 8, 2024, Plaintiffs commenced this civil action by filing a Complaint against the Borough of Haddonfield (the "Borough") and New Jersey – American Water Company, Inc. ("NJAW" and, together with the Borough, the

1

"Defendants") for dangerous condition/negligence, trespass and nuisance arising from Defendants' failure to, among other things, maintain and repair their respective systems as to prevent unsanitary stormwater from flooding Plaintiffs' properties during rain events. Plaintiffs also assert a claim against the Borough for inverse condemnation. (ECF/CM Docket No. 1).

5. On November 4, 2025, counsel for the Borough served a Subpoena on Tavis Karrow, in his capacity as Registered Agent for Haddonfield Development Group, LLC, seeking corporate formation and dissolution documents and documents and communications pertaining to the company's loans, contracts and agreements, including promissory notes and guaranty agreements (the "Subpoenaed Documents"). The Subpoena is returnable November 19, 2025. A true and correct copy of the Subpoena is attached hereto as Exhibit "A".

6. Haddonfield Development Group, LLC, is a now-defunct business entity involved in the development/residential construction. Plaintiffs Steven Mellul ("Dr. Mellul") and Victor Palladino were the members of the business entity when it was a going concern.

7. The Subpoena is objectionable because it seeks documents which are wholly irrelevant to the present action.

8. The Subpoena is objectionable because it is a fishing expedition and clear attempt to harass Dr. Mellul and Victor Palladino, and their wives.

9. During the initial deposition of Plaintiff Jodi Mellul ("Dr. Fox Mellul"), the Borough spent a significant amount of time questioning her about her knowledge of Haddonfield Development Group, LLC, which was clearly not firsthand knowledge, as she is not, nor ever was, a member, employee or affiliated with Haddonfield Development Group, LLC.

10. Plaintiff Rose Palladino is Victor Palladio's wife. She is not, nor ever was, a member, employee or affiliated with Haddonfield Development Group, LLC.

11. It is anticipated that the Borough will not only continue to question Dr. Fox Mellul about Haddonfield Development Group, LLC at her continued deposition, but will also inquire about Haddonfield Development Group LLC at the depositions of Dr. Mellul, Victor Palladino and Rose Palladio.

12. For the foregoing reasons, and those set forth in the accompanying Brief, the Subpoena should be quashed, and a protective order issued preventing further discovery pertaining to Haddonfield Development Group, LLC.

I certify that the foregoing statements made by me are true. I am aware that if and of the foregoing statements made by me are willfully false, I am subject to punishment.

BY: _/s/ Jennifer Hiller Nimeroff_
Jennifer Hiller Nimeroff, Esquire

Dated: November 11, 2025

# EXHIBIT "A"

# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 NORTH HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900



William F. Cook, Esq.
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
wcook@brownconnery.com

November 4, 2025

**VIA EMAIL**
**tkarrow@gardenstateusa.com**
Haddonfield Development Group, LLC
**Attn: Tavis Karrow, Registered Agent**
1010 Kings Highway South
Building 2, Suite 101
Haddonfield, NJ 08033

    Re: **Tedesco v. Borough of Haddonfield, et al.**
         **Civil Case No.: 1:24-cv-09005 (RMB/MJS)**
         **Our File No. 24-1667**

Dear Sir/Madam:

    This office represents the Borough of Haddonfield, in the above federal civil lawsuit pending in the U.S. District Court for the District of New Jersey. The case is brought by certain Plaintiffs relating to stormwater drainage. As part of litigation discovery, it is necessary that I send the enclosed subpoena for the production of documents. **Please be advised that you are not a party to the case and you are not being sued**. However, the requested documents are relevant to the litigation. The subpoena requires that you produce the documents on **November 19, 2025 at 10:00 AM, at my office located at 360 North Haddon Avenue in Westmont, New Jersey**. Please call me at 856-236-7492 with any questions regarding the requested documents.

    The documents requested are as follows:

1. **Any/all documents and/or information related to Haddonfield Development Group, LLC (the "Corporation"), including, but not limited to:**

    a. **All corporate formation documents, by-laws, articles of incorporation, and any/all related formation documents relative to the Corporation;**

    b. **All documents and communications relative to the dissolution of the Corporation;**

    c. **Any/all documents, communications, and/or information pertaining to any loans, contracts and/or agreements of, by, or for the Corporation**

7UK6269.DOCX

**BROWN & CONNERY, LLP**

November 4, 2025
Page 2

       d.  **All Promissory Notes of, by, or for the Corporation; and**

       e.  **All Personal Guarantees in connection with any contracts and/or agreements entered into by, or on behalf of the Corporation.**

Thank you for your cooperation and compliance with the Subpoena.

Very truly yours,

**BROWN & CONNERY, LLP**

*William F. Cook*
William F. Cook

WFC/ctm
Enclosures
cc:    Robert Sokolove, Esquire *(via email w/ encl.)*
        Jennifer Hiller-Nimeroff, Esquire *(via email w/ encl.)*
        Paul C. Johnson, Esquire *(via email w/ encl.)*

7UK6269.DOCX

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| MICHELE TEDESCO, et al., <br> *Plaintiff* <br> v. <br> BOROUGH OF HADDONFIELD, et al. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 1:24-CV-09005-RMB-MJS <br> ) <br> ) <br> ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Haddonfield Development Group, LLC, Attn: Tavis Karrow, Registered Agent
1010 Kings Highway South, Building 2, Suite 101, Haddonfield, NJ 08033

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Document Requests.

| Place: Brown & Connery, LLP <br> 360 N. Haddon Avenue <br> Westmont, NJ 08108 | Date and Time: <br> 11/19/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/04/2025

*CLERK OF COURT*

OR

_____      /s/ William F. Cook
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Borough of Haddonfield , who issues or requests this subpoena, are:
William F. Cook, Esquire, Brown & Connery, LLP, 360 N. Haddon Avenue, Westmont, NJ 08108  856-854-8900

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-CV-09005-RMB-MJS

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **DOCUMENT REQUESTS**

1. Any/all documents and/or information related to Haddonfield Development Group, LLC (the "Corporation"), including, but not limited to:

    a. All corporate formation documents, by-laws, articles of incorporation, and any/all related formation documents relative to the Corporation;

    b. All documents and communications relative to the dissolution of the Corporation;

    c. Any/all documents, communications, and/or information pertaining to any loans, contracts and/or agreements of, by, or for the Corporation

    d. All Promissory Notes of, by, or for the Corporation; and

    e. All Personal Guarantees in connection with any contracts and/or agreements entered into by, or on behalf of the Corporation.