UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELE AND FRANK TEDESCO, ET AL : | |
| : | |
| Plaintiffs : | CIVIL ACTION |
| : | |
| v. : | NO. 24-09005-RMB-JMS |
| : | |
| BOROUGH OF HADDONFIELD NEW JERSEY, ET AL : | |
| : | |
| Defendants. : | |

**DECLARATION OF STEVEN MELLUL**

I, STEVEN MELLUL, of full age, certify and declare as follows:

1. I am over the age of 18 and of sound mind.

2. I make this Declaration based on my own personal knowledge.

3. I submit this Declaration in opposition to the motion of the Defendant, the Borough of Haddonfield, for summary judgment as to all of my claims.

4. On or about January 16, 2014, my wife, Jodi Fox-Mellul, and I purchased and acquired title to the property situate at 80 Chews Landing Road, Haddonfield, New Jersey (the "Property").

5. On or about March 29, 2024, Jodi and I transferred our title interest in the Property solely to my wife Jodi Fox-Mellul.

6. Notwithstanding the transfer of my title interest in the Property to my

1

wife, Jodi and I have, together, continued to have and maintain possessory and other interests in and to the Property.

7. We have continuously resided at the Property since 2014.

8. We have paid real estate taxes on the Property since acquiring it in 2014.

9. We have insured the Property since acquiring it in 2014.

10. We have improved the Property since acquiring it in 2014. By way of example, only, we finished the basement and also, over time, added extensive landscaping to the Property as a mechanism to stop and/or slow down the flow onto the Property of unsanitary stormwater from the streets surrounding the Property.

11. We have repaired the Property from time to time since acquiring it in 2014, including after rain events that damaged the Property.

12. I have, essentially, treated and continue to treat the Property as owned by my wife and I, together, for all purposes.

13. Based upon our historical ownership of the Property, our possessory interest in the Property, our subsequent and continued care and maintenance of the Property, and our outlook and approach to the Property, I did not recall at the time the Complaint in this case was filed that my title ownership of the Property had been transferred and that I, technically, was no longer a title owner of the Property.

14. Despite not having title to the Property at the time the Complaint was

filed, I have sustained damages to personal property that I co-own with my wife Jodi, and have suffered quality of life impacts as a result of repeated flooding of the Property, as detailed in mine and my wife's Answers to Interrogatories on Behalf of Defendants, a true and correct copy of which is annexed hereto as Exhibit "A", and incorporated herein by reference as if set forth at length.

    I declare under penalty of perjury that the foregoing statements made by me are true and correct. I am aware that if the foregoing statements made by me are willfully false, I am subject to punishment.

_____<br>
Steven Mellul

Dated: November 17, 2025

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHELE AND FRANK TEDESCO, *et al.* : | |
| : | CIVIL ACTION |
| Plaintiffs : | |
| : | NO. 24-09005-RMB-JMS |
| vs. : | |
| : | |
| BOROUGH OF HADDONFIELD, *et al.* : | **ANSWERS AND OBJECTIONS OF** |
| : | **PLAINTIFFS, JODI MELLUL AND** |
| Defendants : | **STEVEN MELLUL, TO** |
| : | **INTERROGATORIES ON BEHALF OF** |
| : | **DEFENDANTS** |

Plaintiffs, Jodi and Steven Mellul, by and through their undersigned counsel, hereby answer and object to Defendants' Interrogatories as follows:

**GENERAL OBJECTIONS**

1. Plaintiffs' responses to these interrogatories are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, inadmissibility and all other objections and grounds which would require the exclusion of any statement herein if the questions were asked, or any statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. No incidental or implied admissions are intended to be or are made by Plaintiffs. The fact that Plaintiffs have responded to any interrogatory should not be taken as an admission that Plaintiffs accept or admit the existence of any facts set forth or assumed by such request or that such response constitutes admissible evidence.

2. Plaintiffs object to the interrogatories to the extent they seek to compel the disclosure of documents, communications, and information to which the attorney/client privilege applies, or which constitute trial preparation or attorney work product, including the mental

1

impressions, summaries, research, investigations, conclusions, opinions and legal theories, and trial strategy of counsel ("Attorney Work Product"). Specifically, Plaintiffs object to the production of: (1) attorney notes; (2) attorney research; (3) communications between attorney and expert beyond the scope of permissible discovery under R. 4:10-2(a); and (4) attorney/client communications. Such information will not be disclosed, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or documents.

3. Plaintiffs object to interrogatories to the extent that they seek confidential, business, proprietary, regulatory, or other protected information of Plaintiffs that is not relevant to the subject matter of this case.

4. Plaintiffs object to interrogatories to the extent they are overbroad, unduly burdensome, vague, not reasonably limited in time and/or scope, not relevant to the subject matter or issues in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiffs object to interrogatories that are unduly burdensome, oppressive, harassing, ambiguous, vague, or require unreasonable investigation by Plaintiffs, including that of information which is in Defendants' possession, custody, or control.

6. These "General Objections" are deemed to be incorporated in the response to each interrogatory and the responses contained herein are made subject to each of the General Objections.

Without waiving any objections, Plaintiffs provide the following responses and objections to Defendants Interrogatories.

**SPECIFIC RESPONSE TO INTERROGATORY TO EACH INDIVIDUAL PLAINTIFF**

1. Provide a chart containing the amount, date, and description of any damages that you seek in this matter.

2

**RESPONSE:** Objection. This Interrogatory is objectionable to the extent is seeks the creation of a chart without providing further direction. Notwithstanding this objection, Plaintiffs endeavor to respond to this Interrogatory seeking information concerning damages as follows: Each flooding event has resulted damages to Plaintiffs' property, real and/or personal, has impacted their quality of life, and has resulted in expenses related to among other things, property restoration and mitigation measures. The value of Plaintiffs' home has been taken from them, as their property, which has been subject to repeated flooding in the past and which will continue to flood into the future, is unmarketable. In addition to the flooding, there are ongoing pollution issues; that is, petroleum-based products, refuse, sewage, pesticides and debris have caused damages to the soil, grass, plants and bushes on Plaintiffs' property. And, there is a palpable odor of sewage following rain events.

Plaintiffs are unable to quantify the damages as they relate to any particular flooding event. That said, Plaintiffs' lives are consumed by flooding, as there is a constant focus on preventing and managing flooding, and Plaintiffs' time, energy and resources have been dedicated to battling this issue since they moved into their home in 2014. They have ongoing and overwhelming stress and emotional strain, particularly during the months of March through September, as they anticipate the potential for flooding. Their constant concern has had a profound impact on their well-being, leaving them in a constant state of unease. Plaintiffs' sleep is disturbed on nights when rain is forecasted. Plaintiffs' home/family life has been significantly affected, particularly during the summer months, when event planning decisions, leisure activities, family visits, etc. must first take into consideration the weather forecast and potential flood prevention. Steven Mellul has not taken a vacation, and does not vacation, during the summer months, instead remaining at home to protect his property from flooding and potential property damage. He also leaves work early to be at home to safeguard his property on days with the potential for flooding. This constant need to prioritize his home over his professional responsibilities has impacted his work efficiency and productivity.

Plaintiffs routinely use sandbags to stop the stormwater from overwhelming their property prior to rain events. These sandbags must be carried, and each weighs approximately 40-50 pounds. During and after rain events, Plaintiffs routinely clean out the storm drains near their property. Plaintiffs have made significant investments to protect their home; they constructed a massive berm surrounding all four (4) sides of their property; built a wall in the front and side of their property and installed a gate system at the foot of their driveway, all in an efforts to keep the stormwater off their property and in the street; built masonry walls around back widows, replaced impervious coverage with pervious coverage on their driveway and front and back yards; added two patios (one in the front yard and one in the back yard), specifically to protect the foundation of their home from flood waters; installed 18,000 square feet of sod; added a dry well to the two pre-existing dry wells to help capture and store additional stormwater; and, Plaintiffs have purchased a raft and rope ladder should they need to evacuate their home. Plaintiffs estimate the cost of their investment to protect their home to exceed $150,000, as they have not retained receipts for all the labor, materials and services purchased. In addition to the mitigation efforts described above, Plaintiffs had to completely re-finish their basement and, among other things, had to replace the entire front door system, which was damaged by floodwaters. None of these measures has solved the flooding issue.

Lastly, Jodi Mellul suffered with burning feet for several weeks following exposure to the stormwater in one of the 2023 floods. She no longer goes out in the floods. Steven Mellul developed multiple lesions on his legs after exposure to stormwater. He also suffers with multiple acute and chronic injuries, occurring over the last approximately 10 years

3

since living in his home.

## COMMON INTERROGATORIES OF THE BOROUGH OF HADDONFIELD TO BE ANSWERED ON BEHALF OF ALL PLAINTIFFS

1. Provide a timeline and description of all flooding events relevant to the lawsuit.

**RESPONSE:** Objection. This Interrogatory is objectionable to the extent it seeks a legal conclusion. This Interrogatory is also unduly burdensome. Subject to and without waiver of these objections, Plaintiffs respond as follows: Flooding events relevant this lawsuit include, but are not limited to, the following: August 6, 2024, July 16, 2024, March 23, 2024, January 9, 2024, December 18, 2023, September 9, 2023, July 9, 2023, July 4, 2023, July 21, 2021, June 20, 2019, July 6, 2017, July 25, 2016, July 23, 2016, July 25, 2015, July 9, 2015, August 3, 2014, June 10, 2014 and April 30, 2014. Many of these flooding events resulted in stormwater not only entering upon the Plaintiffs' property, but also, infiltrating the Plaintiffs' garage. The severe flooding events on December 18, 2023, July 4, 2023 and June 20, 2019 resulted in water infiltration into Plaintiffs' home (living space) which caused significant damage to Plaintiffs' basement.

2. Identify by specific location and describe every dangerous condition, nuisance, trespass, or inverse condemnation caused or created by the Borough of Haddonfield.

**RESPONSE:** Objection. This Interrogatory is objectionable to the extent it seeks a legal conclusion, or requires specialized knowledge or training in order to respond. Plaintiffs' expert will assist in the identification of the nature and location of the dangerous condition, nuisance, trespass and/or inverse condemnation alleged in this case and, therefore, Plaintiffs reserve the right to have their expert address this Interrogatory. This Interrogatory is also unduly burdensome to the extent it requests all details related to the dangerous condition, nuisance, trespass and inverse condemnation alleged in this case. Subject to and without waiving these objections, Plaintiffs respond as follows: The stormwater management system is the dangerous condition that caused Plaintiffs' damages. The system was not properly designed, maintained and/or repaired, resulting in stormwater, debris and undesirable materials such as sewage to be directed onto Plaintiffs' property and into Plaintiffs' home during rain events. The Borough has been aware of and has acknowledged that Plaintiffs' property floods during rain events, but has failed to adequately or appropriately address the defects in the stormwater management system that causes Plaintiffs' property to flood and continues to damage Plaintiffs. The flooding of Plaintiffs' property and their home, and the related pollution and malodorous scent, substantially interfere with Plaintiffs' use and quite enjoyment of their property and home. The Borough's direction of stormwater, debris and undesirable materials such as sewage through the stormwater system onto Plaintiffs' property and into Plaintiffs' home is the trespass alleged in this case. The Borough's use of the Plaintiffs' property as part of its stormwater management system, as a retention basin for the Borough's stormwater, debris and undesirable materials it directs there during rain events, has resulted in a complete devaluation of Plaintiffs' property for which the Borough has failed to compensate Plaintiffs.

3. State the names and addresses of all contractors, subcontractors, construction personnel, remodelers, improvement specialists, architects, engineers, professionals, or other persons who have performed any services for any property referenced in the lawsuit with a

summary of work performed and approximate date(s) of same.

**RESPONSE:** Objection. This Interrogatory is overly broad, unduly burdensome and not reasonably limited in time or scope. This Interrogatory is objectionable to the extent Defendants already possess such information from the public record or in response to any subpoena issued by them. Subject to and without waiving these objections, Plaintiffs respond as follows: Plaintiffs cannot recall the names and addresses of all contractors, subcontractors, construction personnel, remodelers, improvement specialists, architects, engineers, professionals, or other persons who have performed any services for their property. Plaintiffs direct Defendants to the documents produced, which may contain the names and addresses of such persons, including Fred Mauro, LLC, a plumber, who performed the work identified on his invoices, and Ducky Johnson Home Elevations, who provided an estimate to raise Plaintiffs' home. Clean Cuts performed tree removal services. Over the years, multiple landscaping companies (too numerous to recall or count) have provided services, including clean up services, following rain events. Plaintiffs believe the landscaping companies include, without limitation, Guillermo Lopez Landscaping and Beechwood Landscaping. Additionally, Plaintiffs performed certain restoration efforts, mitigation measures and home improvements on their own. Further, Plaintiffs' investigation is ongoing and continuing and Plaintiffs reserve the right to supplement this response.

4. If you contend that any admissions or declarations against interest have been made, state any and all such admission(s), with detail and in particularity the substance of the admission or declaration.

**RESPONSE:** Objection. This Interrogatory is objectionable to the extent it seeks a legal conclusion. This Interrogatory is also vague and ambiguous as phrased, and overly broad and unduly burdensome in that it requests the identification of all admissions and all details concerning them. Subject to and without waiving these objections, Plaintiffs respond as follows: Haddonfield has admitted in public forums as far back as the 1990's, which admissions were previously unknown to Plaintiffs, that it has experienced tremendous storm drainage problems in the area of Chews Landing Road and Station Avenue, thus evidencing knowledge of the severe drainage issue. Haddonfield has admitted that its engineers have concluded that it is simply not possible to divert the unusually large volumes of stormwater from the Chews Landing Road and Station Avenue area, and that the only feasible solution is to try to contain the stormwater until it is naturally absorbed into the ground and/or flows into the storm sewers. Haddonfield's consent to lower/stabilize Plaintiffs' real property taxes as a result of the flooding. Tavis Karrow, when he held the office of Community Development Director and Zoning Officer for the Borough of Haddonfield, stated that the Borough would not take any action to address the flooding situation unless legal action was commenced. See documents produced herewith. It is believed that Haddonfield made additional admissions and that such admissions appear in written documents produced by other Plaintiffs in this civil action.

### COMMON INTERROGATORIES OF NEW JERSEY AMERICAN WATER TO BE ANSWERED ON BEHALF OF ALL PLAINTIFFS

1. State the date, time, and exact location of any incident(s) complained of and describe the exact manner in which you allege it happened or occurred.

**RESPONSE:** Objection. This Interrogatory is repetitive of Common Interrogatories of the Borough of Haddonfield to be Answered on Behalf of All Plaintiffs, No. 1. See response to same, above.

2. Enumerate specifically all of the things you contend New Jersey – American Water Company, Inc. did which should not have been done; or did not do which should have been done.

**RESPONSE:** Objection. This Interrogatory is objectionable to the extent it seeks a legal conclusion, or requires specialized knowledge or training in order to respond. Plaintiffs' expert will assist in the identification of the things New Jersey – American Water Company, Inc. ("NJAW") did that it should not have done and/or did not do which should have been done and, therefore, Plaintiffs reserve the right to have their expert address this Interrogatory. Further responding, this Interrogatory is unduly burdensome to the extent it requests Plaintiffs to detail all conduct complained of. Subject to and without waiving these objections, Plaintiffs further respond as follows: The stormwater contains undesirable material including sewage/fecal matter and investigation is currently underway to address how sewage infiltrated the stormwater directed onto the Plaintiffs' property and into their home. Generally speaking, NJAW has failed to take the steps necessary or required to prevent the seepage of sewage, etc. into the stormwater.

3. State completely and in detail the basis for all allegations you make that New Jersey – American Water Company, Inc. is liable for the incident or negligence complained of, and enumerate all of the facts you contend support each of the allegations made. Attach all documents supporting these claims.

**RESPONSE:** Objection. This Interrogatory is repetitive of Common Interrogatories of New Jersey American Water to be Answered on Behalf of All Plaintiffs, No. 2. See response to same, above.

4. If you contend that New Jersey – American Water Company, Inc. is liable by reason of failure to comply with any applicable standards, state; (a) what the standard(s) is/are; (b) the exact reference thereto by title, author, publisher, edition, and date; (c) whether it is contained in any statutes, ordinances, or administrative regulations and if so, give the exact citation thereof; and attach hereto all documents supporting those claims.

**RESPONSE:** Objection. This Interrogatory is objectionable to the extent it seeks a legal conclusion, or requires specialized knowledge or training in order to respond. Plaintiffs' expert will assist in the identification of the applicable standards NJAW failed to comply with, if any, and, therefore, Plaintiffs reserve the right to have their expert address this Interrogatory.

5. Identify anyone who has performed an inspection or examination of your premises before and after the alleged incident(s). Identify and produce any documents related to the inspection(s) or examination(s).

**RESPONSE:** Objection. This Interrogatory is vague and ambiguous as phrased, overly broad, unduly burdensome and not reasonably limited in time or scope. Subject to and without waiving

these objections, Plaintiffs respond as follows: Upon information and belief, Plaintiffs' premises was inspected by representatives of the Borough of Haddonfield, whose identities are currently unknown, in connection with its construction in the 1994 time frame. Charles J. Chelotti, P.E. of Engineering Design Studio, LLC inspected the area around Plaintiffs' premises in July of 2017. Following the flood in June of 2019, FEMA representatives (names unknown), Fred Mauro and Juan Luis Lopez examined Plaintiffs' premises. Plaintiffs' investigation is ongoing and continuing and, therefore, Plaintiffs reserve the right to supplement this response.

6. Identify anyone who has performed repairs or maintenance to your premises since the incident. Identify any and all documents related to the repairs or maintenance.

**RESPONSE:** Objection. This Interrogatory is repetitive of Common Interrogatories of the Borough of Haddonfield to be Answered on Behalf of All Plaintiffs, No. 3. See response to same, above.

7. Was any investigation conducted into the cause of the alleged property damage? If so, state: (a) the name and address and qualification of each person making such investigation and report; (b) and, if such reports and/or investigations are in written form, attach copies of same; (c) on whose behalf was the investigation conducted; and (d) the results and conclusions of the investigation.

**RESPONSE:** The flooding is the cause of the property damage sustained by Plaintiffs. The nature of the floodwater contributes to the property damage; that is, the polluted water makes salvaging waterlogged items nearly impossible. No investigation was needed to reach these conclusions, as such conclusions are readily observable to the naked eye. To the extent this Interrogatory is asking if any investigation was conducted into the cause of the flooding or the cause of the pollution in the stormwater, then to that extent, upon information and belief, the Borough's engineer's Remington & Vernick Engineers, investigated the cause of and/or options to rectify the flooding. Also, Plaintiffs' expert is investigating these matters and Plaintiffs will produce their expert reports as required by the Federal Rules of Civil Procedure and the applicable scheduling order entered in this case.

         As to Objections:

         WEIR LLP
         A Pennsylvania Limited Liability Partnership

         BY:  */s/ Jennifer Hiller Nimeroff*
            Jennifer Hiller Nimeroff, Esquire
            Robert D. Sokolove, Esquire, *pro hac vice*
            20 Brace Road, Suite 201
            Cherry Hill, NJ 08034
            (856) 429-7750 (phone)
            jhiller@weirlawllp.com
            rsokolove@weirlawllp.com
            *Attorneys for Plaintiffs*

Dated: March 16, 2025

A Pennsylvania Limited Liability Partnership

BY: Jennifer Hiller Nimeroff, Esquire
Robert D. Sokolove, Esquire, *pro hac vice*
20 Brace Road, Suite 201
Cherry Hill, NJ 08034
(856) 429-7750 (phone)

jhiller@weirlawllp.com
rsokolove@weirlawllp.com

*Attorneys for Plaintiffs*

Dated: March ___, 2025

## CERTIFICATION

I have read the above interrogatories and the foregoing answers. I certify that I understand the above interrogatories and answers, and that my answers are true, complete and correct to the best of my knowledge. I further understand that if any of the above answers need to be modified or supplemented, I will do so. If any of the above answers are willfully false, I am subject to punishment.

(Signature) _/s/ SDM_

(Printed Name) STEVEN D. MELLUL

(Date) 3/16/25


(Signature) _/s/_

(Printed Name) Jodi Fox Mellul

(Date) 03/16/25