

LAW OFFICES
# WEIR LLP
A Pennsylvania Limited Liability Partnership

1300 Route 73, Suite 314
Mt. Laurel, New Jersey 08054
WEIRLAWLLP.COM

**Jennifer Hiller Nimeroff**  Direct Dial (215) 241-7757
Member of PA and NJ Bars  E-mail: jhiller@weirlawllp.com

November 24, 2025

**VIA CM/ECF**

Chief United States District Judge Renee Marie Bumb
United States District Court for District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

  **Re:** **Michele and Frank Tedesco, et al. v. Borough of Haddonfield NJ, et al.**
    **Civil Action No.: 1:24-cv-09005 (RMB/MJS)**
    **Docket Filings #61, 63 and 64**

Dear Judge Bumb:

  This law firm represents the Plaintiffs in connection with the above-referenced civil action.

  On November 5, 2025, Defendant Borough of Haddonfield (the "Borough") filed a Motion for Summary Judgment As to All Claims By Steven Mellul (the "Motion") (Dkt. #61). On November 17, 2025, Plaintiffs filed a response in opposition to the Borough's Motion. (Dkt. #64). The purpose of this letter is to advise the Court that Steven Mellul intends to voluntarily withdraw his claim for inverse condemnation against the Borough (Count IV of the Complaint) and to circulate a stipulation to all parties for review and approval. Once that stipulation is agreed to, my office will electronically file it so that the Court will be relieved from having to issue a ruling on the Borough's Motion.[1] For sake of clarity, Dr. Mellul's decision to withdraw his inverse condemnation claim is intended to be without prejudice to his right to assert such claim against the Borough for any future flooding event should the inverse condemnation claims in this case be unsuccessful.

---

[1] The other claims addressed in the Borough's Motion, Counts I – III for dangerous condition/negligence, nuisance and trespass, respectively, were dismissed by Order dated November 18, 2025 (the "November 18th Order") (Dkt. #66) on the Borough's Motion for Partial Summary Judgment based upon the New Jersey Tort Claims Act; accordingly, the only claims to which the Borough's Motion applies is Steven Mellul's claim for inverse condemnation.

Chief Judge Renee Marie Bumb
November 24, 2025
Page 2

   By letter dated November 14, 2025, Defendant New Jersey – American Water Company Inc. ("NJAW") joined in the Borough's Motion as to Steven Mellul's claims against NJAW in Counts I – III for negligence, nuisance and trespass, respectively. (Dkt. #63). Since Dr. Mellul's voluntary dismissal addresses his claim against the Borough for inverse condemnation, only, and since the November 18th Order addresses Plaintiffs' tort claims *as against the Borough, only,* Dr. Mellul's intends for his response in opposition to the Motion (Dkt. #64) to survive as to NJAW's tort claims and respectfully requests that the Court consider Dr. Mellul's response in opposition to NJAW's letter joining in the Borough's Motion as to Dr. Mellul's tort claims when it makes its ruling in due course. To the extent the Court would prefer Dr. Mellul to submit a separate filing, addressing only NJAW's claims, my office will make arrangements to do so.

   Thank you for the Court's consideration of this matter.

                Respectfully submitted,

                JENNIFER HILLER NIMEROFF

JHN/
cc:  William F. Cook, Esquire (*via* CM/ECF)
    Joseph T. Carney, Esquire (*via* CM/ECF)
    Paul C. Johnson, Esquire (*via* CM/ECF)