# EXHIBIT E

✚ Positive
As of: December 1, 2025 2:45 PM Z

# *Malibu Media, LLC v. Doe*

United States District Court for the District of New Jersey

July 14, 2016, Decided; July 14, 2016, Filed

Civil Action No. 15-8252 (FLW)

**Reporter**
2016 U.S. Dist. LEXIS 92069 *; 2016 WL 3876425

MALIBU MEDIA, LLC, Plaintiff, v. JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 174.57.154.190, Defendant.

**Notice:** NOT FOR PUBLICATION

## Core Terms

subpoena, undue burden, infringer, quashing a subpoena, argues, subscriber, anonymously, discovery, internet, reputational, third-party, disclosure, settlement, copyright infringement, privileged, contends

**Counsel:** **[*1]** For MALIBU MEDIA, LLC, Plaintiff: PATRICK JOSEPH CERILLO, LEAD ATTORNEY, FLEMINGTON, NJ.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 174.57.154.190, Defendant, Pro se.

**Judges:** HONORABLE TONIANNE J. BONGIOVANNI, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** TONIANNE J. BONGIOVANNI

## Opinion

**MEMORANDUM OPINION**

**BONGIOVANNI, Magistrate Judge**

This matter has been opened to the Court upon motion by Defendant John Doe Subscriber Assigned IP Address 174.57.154.190 ("Defendant") seeking an Order quashing the subpoena issued by Plaintiff Malibu Media, LLC ("Plaintiff" or "Malibu") and served upon Comcast Cable Holdings, LLC ("Comcast"), Defendant's internet service provider ("ISP"). [Docket Entry No. 8]. Plaintiff opposes Defendant's motion to quash. [Docket Entry No. 11]. The Court has fully reviewed all arguments raised in favor of and in opposition to Defendant's motion to quash. The Court considers Defendant's motion to quash without oral argument pursuant to *L.Civ.R. 78.1(b)*. For the reasons set forth below, Defendant's motion is DENIED.

**I. BACKGROUND**

This is an action for copyright infringement brought against one individual who is identifiable to Plaintiff only by an Internet Protocol ("IP") addresses. Given Plaintiff's inability to otherwise identify **[*2]** Defendant, on December 18, 2015, Plaintiff moved the Court pursuant to *Fed.R.Civ.P. ("Rule") 45* to issue a subpoena on the ISPs for the IP address sought. [Docket Entry No. 4]. Through said motion, Plaintiff sought permission to issue the subpoena even

2016 U.S. Dist. LEXIS 92069, *2

though the parties had not engaged in a *Rule 26(f)* conference. The Court found good cause to permit Plaintiff to issue and serve the subpoena on Comcast, despite the fact that a *Rule 26(f)* conference has not occurred. (*See* Order of 1/29/2016; Docket Entry No. 5). Plaintiff issued the subpoena and Defendant filed the instant motion to quash.

Defendant argues that he has standing to bring the instant motion because he "did not copy or transmit Plaintiff's copyrighted works...and was not a part of Plaintiff's alleged BitTorrent 'swarm.'" (*Defendant's Br. in Support*, at 2; Docket Entry No. 8). Further, Defendant claims that under *Rule 26*, Plaintiff is not entitled to the expedited discovery sought from Comcast because Plaintiff has not adequately established "good cause" for the issuance of a third-party subpoena. (*Id.*, at 10-14).[1] In this regard, Defendant argues that Plaintiff failed to establish either a *prima facie* claim for copyright infringement or that no alternative means of obtaining the desired **[*3]** information exist. (*Id.*)

In addition, Defendant argues that he has standing to quash the subpoena at issue under [Rule 45(d)(3)](), because the Court must quash any subpoena that "subjects a person to undue burden." Here, Defendant suggests that the subpoena served on Comcast is unduly burdensome because if Defendant's identifying information is provided to Plaintiff, Defendant will be forced to prove that a third party abused his IP address. (*Id.* at 14). Defendant also contends that the subpoena issued to Comcast is unduly burdensome because the subpoena issued by Defendant only seeks the identity of the user of the IP address 174.57.154.190 at 14:59:16 on October 10, 2015, but seeks to hold the user of said IP address responsible for eighteen counts of copyright infringement from February 10 — October 10, 2015. Defendant argues that his IP addresses were dynamically assigned and Plaintiff has provided no **[*4]** evidence proving that the subscriber of the IP address 174.57.154.190 at 14:59:16 on October 10, 2015 is the same subscriber of said IP address on the other seventeen occasions. Defendant argues that if Plaintiff is given his contact information, Plaintiff will attempt to leverage a large settlement from him based on the threat of public exposure and litigation based on all eighteen instances of infringement, while never really intending to pursue said litigation to trial. Defendant argues that he should not be forced to shoulder this undue burden. (*Id.* at 17).

Finally, Defendant suggests he has standing to quash the subpoena based on the fact that the allegations raised by Plaintiffs could "greatly damage [his] reputation." (*Id.* at 16). Indeed, to the extent Defendant's motion to quash is denied, Defendant requests the entry of a protective order permitting him to remain anonymous. (*Id.* at 18-19).

In contrast, Plaintiff argues that Defendant's motion to quash should be denied because Defendant has failed to assert a legally cognizable reason to quash the subpoena under [Rule 45](). (*Pl. Opp. Br.* at 2; Docket Entry No. 11). In this regard, Plaintiff contends that Defendant's identity is both relevant and discoverable under **[*5]** the Federal Rules of Civil Procedure even if it turns out that Defendant was not the infringer. (*Id.* at 3-5). Indeed, Plaintiff notes that it has no viable alternative to discover infringing actions in order to protect its copyrights. (*Id.* at 13-15).

Additionally, Plaintiff asserts that Defendant does not have standing to contest the subpoena served on Comcast on the basis of undue burden because the burden of responding to the subpoena and providing the requested information is on the ISP, not Defendant. (*Id.* at 5-7) Furthermore, Plaintiff argues that even if Defendant had standing to quash the subpoena on undue burden grounds, Defendant's arguments would still fail as Defendant has not established an undue burden. Indeed, Plaintiff argues that its "significant interest in discovering Defendant's identity outweighs Defendant's slight interest in shielding his identity" thereby negating any claims of undue burden. (*Id.* at 7).

Moreover, to the extent Defendant objects to the Court's Order permitting it to serve Comcast with a subpoena, Plaintiff contends that Defendant has failed to establish any basis upon which the Court could find that it committed clear error or abused its discretion in determining that Plaintiff demonstrated **[*6]** "good cause" to issue and serve

---

[1] To the extent Defendant via this argument intends to challenge the Court's decision to permit Plaintiff to serve a third-party subpoena prior to the parties' *Rule 26(f)* conference (*see* Order of 1/29/2016; Docket Entry No. 5), Defendant's argument is rejected. Defendant has not established any basis for such a request.

same. (*Id.*) Finally, while Plaintiff clearly opposes Defendant's motion to quash, Plaintiff does not object to allowing Defendant to proceed anonymously through the end of discovery. (*Id.* at 20).

## II. ANALYSIS

### A. Legal Standard

*Rule 45(c)(3)(A)* sets forth the circumstances under which the Court must quash a subpoena. In relevant part, it provides:

> (c) Protecting a Person Subject to a Subpoena

> (3) *Quashing or Modifying a Subpoena*

> (A) *When Required.* On timely motion, the issuing court must quash a subpoena that:
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to an undue burden

"The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of *Rule 45* are satisfied." *Malibu Media, LLC v. John Does 1-15, Civil Action No. 12-2077, 2012 U.S. Dist. LEXIS 105768, 2012 WL 3089383, at *5 (E.D. Pa. Jul. 30, 2012)* (citing *City of St. Petersburg v. Total Containment, Inc., No. 07-191, 2008 U.S. Dist. LEXIS 36735, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008)).* This has been described as "a heavy burden." *Malibu Media, LLC v. John Does # 1-30, Civil Action No. 12-3896-MAS, 2012 U.S. Dist. LEXIS 175919, 2012 WL 6203697, at *2 (D.N.J. Dec. 12, 2012)* (internal quotation marks and citation omitted). The Court considers "whether the Defendants have standing . . ., the relevancy of the production sought, whether any privilege or protection applies . . ., and whether the subpoena subject[s] Defendants to undue burden." *Schmulovich v. 1161 R. 9, LLC, Civil Action No. 07-597 (FLW), 2007 U.S. Dist. LEXIS 59705, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007)* **[*7]** .

### B. Standing

Generally, a motion to quash or modify a subpoena must be brought by the individual to whom it was directed. *See Thomas v. Marina Assocs., 202 F.R.D. 433, 434-435 (E.D. Pa. 2001).* However, "a party has standing to bring a Motion to Quash or modify a subpoena upon a non-party when the party claims a personal privilege in the production sought." *Schmulovich, 2007 U.S. Dist. LEXIS 59705, 2007 WL 2362598, at *2* (citing *DIRECTV, Inc. v. Richards, No. Civ. 03-5606 (GEB), 2005 U.S. Dist. LEXIS 43764, 2005 WL 1514187, at *1 (D.N.J. June 27, 2005)* (citing *Catskill Dev. , LLC v. Park Place Entertainment Corp., 206 F.R.D. 78, 93 (S.D.N.Y. 2002)).* For example, a party has sufficient standing to challenge a subpoena issued to a bank that seeks disclosure of that party's financial records. *Schmulovich, 2007 U.S. Dist. LEXIS 59705, 2007 WL 2362598, at *2.*

Here, while Defendant focuses his arguments on undue burden, he also suggests that the subpoena will impede a personal interest. In this regard, Defendant claims the requested information is confidential and that he has a personal interest in maintain the confidentiality of same. Indeed, Defendant's concerns regarding the reputational harm he may experience, should the subpoenaed information become publicly known, has led Defendant to seek permission to proceed anonymously in the event the Court denies his motion to quash. (*See Defendant's Br. in Support*, at 16; 18-19). While not overwhelming, the Court finds that these assertions are sufficient to confer standing. Therefore, the Court turns to whether the information sought **[*8]** by the subpoena is indeed privileged or protected material.

### C. Plaintiff's Third-Party Subpoena Does Not Seek Privileged or Protected Material

*Rule 45(c)(3)(A)(iii)* requires a court to quash a subpoena if the subpoena seeks "disclosure of privileged or other protected matter, if no exception or waiver applies." However, "[t]he burden rests squarely on the Defendant, as the moving party, to demonstrate that a privilege exists and that the subpoena would disclose such information." *Malibu*

*Media, 2012 U.S. Dist. LEXIS 105768, 2012 WL 3089383, at \*5* (citing *City of St. Petersburg v. Total Containment, Inc., MISC. Case No. 07-191, No. 06-20953-CIV-LENARD, 2008 U.S. Dist. LEXIS 36735, 2008 WL 1995298, at \*2 (E.D. Pa. May 5, 2008))*.

Defendant suggests that he has a personal interest in maintaining the confidentiality of his identity and other personal information given the reputational harm that could occur should his identity become known in conjunction with this case. (*Defendant's Br. in Support*, at 16). The Court, however, is not persuaded that Defendant's alleged personal interest is a sufficient basis on which to quash the subpoena at issue. Instead, as Plaintiff argues and as other courts have consistently ruled, individuals such as Defendant, as internet subscribers, "do not have a reasonable expectation of privacy in their subscriber information." *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. Kg. v. Does 1-4, 577, 736 F. Supp. 2d 212, 216 (D.D.C. 2010)* **[\*9]** . This is because "internet subscribers have voluntarily conveyed their subscriber information — name, address, and phone number — to their internet service provider." *Malibu Media, 2012 U.S. Dist. LEXIS 105768, 2012 WL 3089383, at \*8* (citing *First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 247 (N.D. Ill. 2011)*; *Achte/Neunte, 736 F. Supp. 2d at 216*).

In this case, Defendant voluntarily disclosed his personal information to his service provider, Comcast, in order to set up his Internet account. Accordingly, Defendant cannot now claim that such information is privileged or confidential to establish a basis for quashing the subpoena served on Comcast. *See, e.g., First Time Videos, 276 F.R.D. at 247-248* (finding disclosure of personal information to ISP negates privacy interest); *Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334, 339-340 (D.D.C. 2011)* (same).

D. <u>Plaintiff's Third-Party Subpoena Does Not Impose an Undue Burden on Defendant</u>

A party does not generally have standing to challenge a third party subpoena based on undue burden because the subpoena is directed at the ISP and not the defendant. *See Malibu Media, 2012 U.S. Dist. LEXIS 105768, 2012 WL 3089383, at \*8*; *Third Degree Films, Inc. v. Does 1-118, Civil Action No. 11-cv-03006-AW, 2011 U.S. Dist. LEXIS 148676, 2011 WL 6837774, at \*3 (D.Md. Dec. 28, 2011)* ("Defendants' argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants and accordingly does not require them to produce **[\*10]** any information or otherwise respond.") Notwithstanding the fact that Defendant does not have standing to contest the third-party subpoena on the basis of undue burden, even if the Court were to consider the merits of Defendant's arguments, the Court finds that Defendant has not established that the third-party subpoena imposes an undue burden on him.

An undue burden exists when "the subpoena is 'unreasonable or oppressive.'" *In re Lazaridis, 865 F. Supp.2d 521, 524 (D.N.J. 2011)* (quoting *Schmulovich, 2007 U.S. Dist. LEXIS 59705, 2007 WL 2362598, at \*4)*. Courts consider several factors to determine the reasonableness of a subpoena including; the party's need for production, the nature and importance of the litigation, the relevance of the material, the breadth of the request for production, the time period covered by the request, the particularity with which the documents are described, and the burden imposed on the subpoenaed party. *Id.* Again, "it is the moving party's burden to demonstrate that the subpoena is burdensome and unreasonable." *Id*.

Defendant claims that an undue burden exists because the information sought is not relevant and because Plaintiff is engaging in a systematic attempt to leverage settlements from individuals like Defendant without possessing valid claims that it intends to bring **[\*11]** to trial. (*Def. Brief in Support*, at 19). The Court addresses these arguments in turn below.

As to the other "undue burden" factors to be considered, the Court notes that as Plaintiff argues, there is no way for Plaintiff to obtain the identity of Defendant other than from its ISP. (*Plaintiff's Brief in Opposition*, at 13-15). Without Defendant's identifying information, Plaintiff would be unable to enforce its rights over the named copyrighted works. Therefore, the Court finds that the subpoena is neither unreasonable nor oppressive. Thus, the subpoena does not impose an undue burden.

E. <u>Relevance</u>

2016 U.S. Dist. LEXIS 92069, *11

"A *Rule 45* subpoena served in conjunction with discovery must fall within the scope of proper discovery under *FED.R.CIV.P. 26(b)(1)*." *Schmulovich, 2007 U.S. Dist. LEXIS 59705, 2007 WL 2362598, at *2* (citing *Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 591 (D.Kan.2003))*. Parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." *Rule 26(b)(1)*.

Defendant claims that an IP address cannot be used to identify an alleged copyright infringer because the IP address only identifies an internet subscriber and not the alleged individual infringer. (*See Def. Brief in Support*, at 12). Defendant argues that this is true because multiple users can be connected to a single IP address and, as a result, using an IP address **[*12]** as an identifier of copyright infringement has the possibility of being inaccurate.

The Court, however, finds this argument to be unpersuasive. The appropriate inquiry under *Rule 26(b)(1)* is not whether the information sought will lead to identifying the actual infringer, but whether the information sought reasonably leads to the discovery of admissible evidence. The Court notes that it is entirely possible that Defendant did not download the infringing material. It is also, however, entirely possible that he did or that even if he did not, he either knows or has additional information which could lead to the identification of the alleged infringer. *See Malibu Media, 2012 U.S. Dist. LEXIS 105768, 2012 WL 3089383, at *10* (citing *OMS Investments, Inc. v. Lebanon Seaboard Corp., 2008 U.S. Dist. LEXIS 94165, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008))*; *See also Malibu Media, LLC v. Does 1-11, Civil Action No. 12-7726 (KM), 2013 U.S. Dist. LEXIS 52029, 2013 WL 1504927, at *6 (D.N.J. Apr. 11, 2013)* ("even if the information itself is not admissible evidence because the subscriber is not the alleged infringer, the information might lead to the discovery of other admissible evidence pertaining to the identity of the alleged infringer"). As a result, the Court finds that the information sought by the subpoena is relevant.

F. Alleged Coercive Litigation Tactics

Defendant contends that the third-party subpoena should be quashed because it would be unduly burdensome to force him to defend against **[*13]** eighteen instances of alleged copyright infringement when Plaintiff does not in reality intend to pursue this litigation to trial, but, instead, is using the threat of such a substantial litigation coupled with the threat of reputational injury to coerce a settlement from him. In this regard, Defendant claims that Plaintiff acts as a "copyright troll" by "us[ing] the federal courts only to obtain identifying information in order to coerce fast settlements. (*Def. Brief in Support*, at 8). Defendant argues that Plaintiff has and continues to file numerous, similar lawsuits across the country and that Plaintiff does not bring these cases to trial. (*Id.*) Defendant contends that Plaintiff's actions amount to harassment and extortion, with the sole goal of eliciting profitable settlements from defendants who fear their reputations will be tarnished. (*Id.* at 9). Additionally, Defendant relies on a study conducted at the University of Washington, which addresses the reliability of identifying potential copyright infringers through IP addresses. (*Id.* at 3 (citing *Challenges and Directions for Monitoring P2P File Sharing Networks-or-Why my Printer Received a DMCA Takedown Notice*, The University of Washington, available **[*14]** at *http://dmca.cs.washington.edu/* )). The study discusses how, regardless of guilt, identified IP addresses can have the propensity to look guilty. (*Id.*)

Defendant's arguments regarding being forced to shoulder the burden of defending against eighteen instances of infringement, when Plaintiff does not intend to pursue this litigation to trial, but instead is using the threat of such a substantial litigation coupled with the threat of public disclosure to leverage a large settlement from Defendant to not be the type of burden *Rule 45(d)(3)(A)(iv)* was designed to protect against. Indeed, this "burden" has nothing to do with the subpoena to Comcast or the onus on Comcast in responding to same. Further, the fact remains that file sharing of copyrighted work is infringement. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005)*. Plaintiff would be unable to enforce its rights if any defendant could quash a subpoena based on the mere possibility that someone else had used the defendant subscriber's IP address to perpetuate the alleged infringement. As explained above, the information sought via the subpoena to Comcast is relevant. Moreover, while "there may be 'some social stigma attached to consuming pornography . . . it is [nonetheless] the rare civil lawsuit in which a defendant is **[*15]** not accused of behavior of which others may disapprove.'" *Malibu Media, LLC v. John Does # 1-30, Civil Action No. 12-3896-MAS, 2012 U.S. Dist. LEXIS 175919, 2012 WL 6203697, at *7 (D.N.J. Dec. 12, 2012)* (quoting *Patrick Collins, Inc. v. John Does 1-54, No. CV-11-1602-PHX-GMS, 2012 U.S. Dist. LEXIS 36232, 2012 WL 911432, at *4 (D.Ariz. Mar. 19, 2012)*. As a result,

2016 U.S. Dist. LEXIS 92069, *15

Plaintiff's alleged coercive litigation tactics do not convince the Court that the third-party subpoena should be quashed.

Nevertheless, given Defendant's concerns about reputational harm due to public disclosure and there being no objection from Plaintiff, at this early juncture, the Court shall permit Defendant to proceed anonymously. This will allow the parties to engage in discovery to parse out the allegations set forth in the Complaint without any risk of reputational injury to Defendant. However, the parties are advised that as this case proceeds, this decision will be reevaluated and it is unlikely that, absent a stronger showing, Defendant will be allowed to proceed anonymously through trial. *See Id.* (citing *Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F.Supp. 2d 444, 453 (D. Mass. 2011)* (finding that "[t]he potential embarrassment to [Defendants] of being associated with allegations of infringing hardcore pornography does not constitute an exceptional circumstance that would warrant allowing the defendants to proceed anonymously.")

## III. CONCLUSION

For the reasons **[*16]** set forth above, Defendant's motion to quash is DENIED, but Defendant, shall, at this juncture, be permitted to proceed anonymously. An appropriate Order follows.

Dated: July 14, 2016

/s/ Tonianne J. Bongiovanni

**HONORABLE TONIANNE J. BONGIOVANNI**

**UNITED STATES MAGISTRATE JUDGE**


**ORDER**

This matter having been brought before the Court upon motion by Defendant John Doe Subscriber Assigned IP Address 174.57.154.190 ("Defendant") seeking an Order quashing the subpoena issued by Plaintiff Malibu Media, LLC ("Plaintiff" or "Malibu") and served upon Comcast Cable Holdings, LLC ("Comcast"), Defendant's internet service provider ("ISP"). [Docket Entry No. 8]; and Plaintiff having opposed Defendant's motion; and the Court having fully reviewed all arguments raised in favor of and in opposition to Defendant's motion to quash; and the Court having considered Defendant's motion without oral argument pursuant to *L.Civ.R. 78.1(b)*; and for the reasons set forth in the Court's accompanying Memorandum Opinion; and for god cause shown,

IT IS on this 14th day of July, 2016,

ORDERED that Defendant's motion to quash is DENIED; and it is further

ORDERED that, at this juncture, Defendant shall be permitted to proceed anonymously; and **[*17]** it is further

ORDERED that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 8] accordingly.

/s/ Tonianne J. Bongiovanni

**HONORABLE TONIANNE J. BONGIOVANNI**

**UNITED STATES MAGISTRATE JUDGE**

---

**End of Document**