# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHELE AND FRANK TEDESCO, ET AL | : | |
| | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 24-09005-RMB-JMS |
| | : | |
| BOROUGH OF HADDONFIELD NEW JERSEY, ET AL | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO QUASH AND FOR A PROTECTIVE ORDER

**Motion Day: December 15, 2025**


Dated: December 8, 2025

WEIR LLP
A Pennsylvania Limited Liability Partnership

BY:/s/ *Jennifer Hiller Nimeroff*
    Jennifer Hiller Nimeroff, Esquire
    Robert D. Sokolove, Esquire
    1300 Route 73, Suite 314
    Mt. Laurel, NJ 08054
    (856) 429-7750
    (856) 427-0360 (Facsimile)
    jhiller@weirlawllp.com
    rsokolove@weirlawllp.com

    *Attorneys for Plaintiffs*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

    A.     Plaintiffs Have Standing To Bring The Instant Motion; Or Alternatively, The Court Can Treat The Motion As One For A Protective Order Pursuant To Rule 26, Given The Relevance Concerns Raised. . . . . . . . . . . . . . . . . . .    1

    B.     The Subpoena Is An Overly Broad Fishing Expedition And Seeks Information Not Relevant To This Civil Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

    C.     The Court Should Enter A Protective Order Preventing Defendants From Conducting Discovery Of And/Or Pertaining to Haddonfield Development Group, LLC. . . .    6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

i

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

*Aetrex Worldwide, Inc. v. Burten Distribution, Inc.*,
    Civ. No. 13-1140, 2014 WL 7073466, at *5
    (D.N.J. Dec. 15, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

*Andrews v. Holloway,*
    256 F.R.D. 136 (D.N.J. 2009). . . . . . . . . . . . . . . . . . . . . . . .  7-8

*Moffitt v. Tunkhannock Area School District,*
    Civ. No. 13-1519, 2016 WL 4271773 at *3
    (M.D. Pa. Aug. 15, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . .  2

*Staff4Jobs, LLC v. List Logistics, LLC,*
    No. 18-13399, 2020 WL 13580942, at *3
    (D.N.J. Oct. 19, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . .  1-2

*Stamy v. Packer,*
    138 F.R.D. 412, 419 (D.N.J. 1990). . . . . . . . . . . . . . . . . . . .  6

**Statutes**

N.J.S.A. 2A:84A-22 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

**Rules**

Fed.R.Civ.P. 26(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Fed.R.Evid. 501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Stephens A. Salz-burg, Michael M. Martin & Daniel J. Capra,
2 Federal Rules of Evidence Manual (9th ed.)
¶ 501.02[8], at p. 501-75 (2006). . . . . . . . . . . . . . . . . . . . . . . .  8

**INTRODUCTION**

Plaintiffs seek an Order quashing the Borough of Haddonfield's (the "Borough") Subpoena, issued to third-party Haddonfield Development Group, LLC, and for a protective order on the basis that the information sought – corporate formation and dissolution documents and documents and communications pertaining to the company's loans, contracts and agreements, including promissory notes and guaranty agreements – is not relevant to this civil action and is, rather, a fishing expedition. The three arguments raised by the Borough in opposition to Plaintiffs' Motion to Quash Subpoena and for a Protective Order (the "Motion") – that Plaintiffs have no standing to bring the Motion, that the information sought is relevant, and that the Motion is premature – are all flawed. Accordingly, the Motion should be granted.

A.    **Plaintiffs Have Standing To Bring The Instant Motion; Or Alternatively, The Court Can Treat The Motion As One For A Protective Order Pursuant To Rule 26, Given The Relevance Concerns Raised.**

The Borough is correct that motions to quash are generally brought by the party from whom discovery is sought. However, the New Jersey District Court acknowledges that there are certain instances in which the party to the suit, not the party subject to the subpoena, may bring a Rule 45 motion. *See, e.g., Staff4Jobs, LLC v. List Logistics, LLC,* No. 18-13399, 2020 WL 13580942, at *3 (D.N.J. Oct. 19, 2020). Further, although lack of relevance is not among the list of reasons to

quash a subpoena set forth in Rule 45, courts have incorporated it as a factor when considering a motion to quash. *Id.* (*citing Moffitt v. Tunkhannock Area School District*, Civ. No. 13-1519, 2016 WL 4271773, at *3 (M.D. Pa. Aug. 15, 2016)). Even if the moving party has no standing as traditionally considered under Rule 45, it may nonetheless seek to prevent the discovery pursuant to Rule 26. *Id.* (*citing Aetrex Worldwide, Inc. v. Burten Distribution, Inc.*, Civ. No. 13-1140, 2014 WL 7073466, at *5 (D.N.J. Dec. 15, 2014) (moving party "does have standing under Rule 26 to move for a protective order to enjoin the production of irrelevant information for subpoenas issued to non-parties")).

Based upon the foregoing, the Court can decide the issue of standing, or as in *Staff4Jobs, supra.,* as a matter of the Court's inherent authority to engage in case management, find it appropriate to consider Plaintiffs' Motion as one for a protective order pursuant to Rule 26, given the relevance concerns it raises. 2020 WL 13580942, *3. Either way, the Court should find that Plaintiffs have standing to bring the Motion as the subject Subpoena is an improper fishing expedition as detailed below.

**B.    The Subpoena Is An Overly Broad Fishing Expedition And Seeks Information Not Relevant To This Civil Action.**

Plaintiffs' claim for inverse condemnation alleges that their properties have been deprived of substantial value and that the properties have been rendered unmarketable by the Borough's conduct. The Borough argues the information

2

sought by the Subpoena is relevant and that any documents showing that the Plaintiffs have used their properties for security "debunks Plaintiffs' unmarketability/devaluation theory advanced in this action." (Borough's Brief in Opposition to Motion ("Borough's Opp. Br."), pg. 5). In support of this argument, the Borough focuses on a statement made by Dr. Fox Mellul at her deposition, wherein she explains that the reason she and her husband, Plaintiff Steven Mellul, deeded their jointly-owned property, 80 Chews Landing Road, to Dr. Fox Mellul, individually, in 2024, was to protect the Melluls' assets. (Borough's Opp. Br., Ex. C, 38:15-19). In other words, the Borough's argument is that Dr. Fox Mellul ascribed some value to the property and, therefore, the Borough should be permitted to explore whether the Melluls and the Palladinos have used their respective properties to secure commercial loans to Haddonfield Development Group.

The Borough's argument is perplexing and therefore not believable. Out of the box, the Borough's relevance argument is solely limited to loan documents of Haddonfield Development Group and specifically, mortgages and security instruments securing the company's loans; the Borough advances no argument as to the relevance of the company's formation and dissolution documents, or communications pertaining to the company's contracts and agreements. The reason is simple: there is no relevance.

Next, if the Borough wanted to explore whether the Melluls and the Palladinos

3

used their properties for security, then one must ask why limit the exploration to security for loans to Haddonfield Development Group, only. If the Borough was genuinely interested in whether the Plaintiffs used their properties for security, then the Borough could have compelled Plaintiffs to respond to the Borough's document request seeking production of such information or asked the Plaintiffs for this information during their depositions.[1]

Also, the information the Borough claims it seeks is of public record. If the properties at 80 Chews Landing and 60 Chews Landing were mortgaged, then that information is of public record and readily obtainable by the Borough. If a security interest was granted in 80 Chews Landing or 60 Chews Landing, then that information, too, is of public record and accessible by the Borough through UCC-1 filings.

If the Borough is to be taken at its word that it wants to investigate whether the Plaintiffs have used their properties as security, then the Borough cast too wide a net for that investigatory purpose. The Subpoena is overly broad and seeks the

---

[1] Plaintiffs objected to the Borough's document request which sought "all financing agreements, notes, contracts, mortgages, loans, deed, titles, covenants, or other instruments for your property". Plaintiffs' objection asserted that the Borough's "Request seeks information irrelevant to the subject matter involved in this pending action and does not relate to any claim or defense of the party seeking the discovery, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence." The Borough did not challenge Plaintiffs' objection or seek to compel a response. And, the Borough did not even ask Dr. Fox Mellul at her deposition whether she mortgaged or pledged 80 Chews Landing Road to secure any loans to Haddonfield Development Group or, other than her acquisition loan, whether she mortgaged or pledged 80 Chews Landing Road to secure any loans to any other entity or for any other purpose.

production of far more information than the Borough now argues it seeks. The Borough's argument is a red herring because it is abundantly clear that the Borough is not interested in whether the Melluls and Palladinos mortgaged or pledged their properties for any loans. Rather, the Borough, intending to harass the Plaintiffs, seeks information about the business operations of a now defunct development company that built a few homes in Haddonfield which just happens be owned by two Plaintiffs against whom the Borough has two pending motions for summary judgment namely, Dr. Steven Mellul and Victor Palladino.

Lastly on this point, the fact that the Mellul property may have some intrinsic value to Dr. Fox Mellul does not mean that her claim that the Borough stripped her property of its marketable value is debunked. Dr. Fox Mellul is not a property appraiser, she is not in the real estate industry, and she is not an expert in the marketability of flood damaged and flood prone real estate. Dr. Fox Mellul's statement was just that, a statement. Indeed, later in her deposition, she explained that the transfer of the property was her decision, based upon how she was raised. She testified, "… I was raised by parents who said the house always have [sic] to be on [sic] the wife's name." (Borough's Opp. Brief, Ex. C, 47:18-19). She also testified, "It was just me being a woman who actually just wanted the house in her name." (*Id.* at 48:3-4).

Standards for nonparty discovery (*i.e.,* third-party subpoenas) require a

5

stronger showing of relevance than for simple party discovery. *Stamy v. Packer,* 138

F.R.D. 412, 419 (D.N.J. 1990) (citations omitted). Here, the showing of relevance

is, at best, weak. This is especially true when the breadth of the Subpoena is so broad,

and the information sought is readily obtainable through public records.

In summary, the Subpoena, in its current form, is harassing because it seeks

information that is overly broad and which is irrelevant to the claims and defenses

in this action. The Borough already knows whether the Properties were mortgaged

or pledged as collateral security as reflected in UCC-1 financing statements. The

Borough can obtain the subject information by directly asking the Plaintiffs at their

depositions whether they mortgaged or pledged their properties. On that basis, the

Subpoena should be quashed.

**C.    The Court Should Enter A Protective Order Preventing Defendants From Conducting Discovery Of And/Or Pertaining To Haddonfield Development Group LLC.**

Pursuant to Rule 26(c), the Court has discretion to issue a protective order to

prevent annoyance, embarrassment, oppression or undue burden or expense.

Fed.R.Civ.P. 26(c). The discovery that the Borough seeks to engage in is an example

of an unnecessary intrusion into the former business operations of Haddonfield

Development Group, which business operations have no bearing on the claims or

defenses in this civil action. The information sought is irrelevant and, therefore, the

Subpoena is nothing more than a fishing expedition and a clear attempt to annoy and

harass Dr. Steven Mellul and Victor Palladino, and also their wives.

It is evident from the Borough's Brief in Opposition to Plaintiffs' Motion that the Borough intends to inquire at the depositions of Dr. Steven Mellul, Rose Palladino and the continued deposition of Dr. Fox Mellul, about Haddonfield Development Group (and *not* simply about whether the Plaintiffs' pledged assets as collateral security for the company's commercial loans). Indeed, the Borough intends to inquire about the business operations of Haddonfield Development Group, including but not limited to its formation and dissolution, its construction projects, litigation matters, business transactions, the Palladinos' loans to the business, etc. None of these issues have any bearing at all on the claims and defenses raised in this action and, for that reason alone, this entire line of inquiry should be prohibited.

Additionally, since Dr. Fox Mellul and Rose Palladino were never members or employees of Haddonfield Development Group and had no affiliation with the company, they have no firsthand knowledge of the business operations of the company. Any information they have they learned through private communications with their husbands, Dr. Mellul and Victor Palladio. Such private communications are protected by the spousal communication privilege which is applicable in civil proceedings like the instant action. Fed.R.Evid. 501; N.J.S.A. 2A:84A-22; *Andrews v. Holloway,* 256 F.R.D. 136 (D.N.J. 2009). Indeed, federal common law and New Jersey law both recognize a privilege for marital communications. This privilege

7

prohibits the compelled disclosure in civil and criminal cases of confidential communications from one spouse to another. *Andrews, id.* (*citing* Stephens A. Salzburg, Michael M. Martin & Daniel J. Capra, 2 Federal Rules of Evidence Manual (9th ed.) ¶ 501.02[8], at p. 501-75 (2006)). The communications must be outside the presence of a third party and with a reasonable expectation of privacy. *Id.* (citations omitted). The privilege is designed to protect and further marital intimacy as of the time of the communication. *Id.* (*citing* 2 Federal Rules of Evidence Manual, *supra.*). Here, the spousal communication privilege applies to prohibit the compelled disclosure by Dr. Fox Mellul and Rose Palladino of marital communications about the business operations of Haddonfield Development Group. Accordingly, a protective order should be granted preventing the Borough and NJAW from seeking testimony from Dr. Fox Mellul and Rose Palladino regarding Haddonfield Development Group.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order quashing the Subpoena directed to Tavis Karrow seeking business records pertaining to Haddonfield Development Group, LLC, and enter a protective order prohibiting any further discovery related to this business entity.

Dated: December 8, 2025

WEIR LLP
A Pennsylvania Limited Liability Partnership

BY:  *s/ Jennifer Hiller Nimeroff*
Jennifer Hiller Nimeroff, Esquire
Robert D. Sokolove, Esquire
1300 Route 73, Suite 314
Mt. Laurel, NJ 08054
(856) 429-7750
(856) 427-0360 (Facsimile)
jhiller@weirlawllp.com
rsokolove@weirlawllp.com
*Attorneys for Plaintiffs*