UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHELE AND FRANK TEDESCO and ROSE AND VICTOR PALLADINO and ALEX AND SHEILA COLALILLO and JODI AND STEVE MELLUL and ALICE AND RONALD SANDMEYER<br><br>Plaintiff<br><br>vs.<br><br>BOROUGH OF HADDONFIELD NEW JERSEY and NEW JERSEY – AMERICAN WATER COMPANY, INC.<br><br>Defendants | CIVIL ACTION NO.  1:24-cv-09005 |

### *DISCOVERY CONFIDENTIALITY ORDER*

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, and the parties having agreed to the form and consented to the entry of this Discovery Confidentiality Order, it is **ORDERED** as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, operational or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which

the producing party otherwise believes in good faith to be entitled to protection. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory, answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend:  "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.  All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.  It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

3.  Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a.  Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel;

e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. The parties.  In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

4. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained

therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days.  Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

6. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

   a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel for the designating party or third party shall

respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7. All requests to seal documents filed with the Court shall comply with the Federal Rules for the District of New Jersey.

8. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

9. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim

of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

10. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with New Jersey State Court Rules. Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

11. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

12. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This

Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

13. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

14. Upon final conclusion of this litigation, each party subject to the terms hereof shall be under an obligation to assemble, from all other individuals who are not servants, agents and employees or witnesses of a party, all originals and unmarked copies of documents and things containing Confidential material. The parties may retain such information in the normal course of business, but subject to the terms and Confidentiality provisions of this Order. Attorneys for the parties may retain copies of all such materials for a period of seven years after the final conclusion of the matter, whereupon said attorneys shall dispose of such material in the normal course of

15. business. The attorneys shall also be bound, as agents of the parties, to the terms of this Order, in all respects.

*IT IS SO ORDERED.*

DATED: _____          _____

*MARSHALL DENNEHEY, P.C.*
Attorney for Defendants,
New Jersey – American Water Company, Inc.
and American Water Works Co., Inc.

By: ___/s/ Paul C. Johnson_____
　　　PAUL C. JOHNSON, ESQ.

*WEIR LLP*
Attorney for Plaintiffs

By: _____
　　　JENNIFER HILLER NIMEROFF, ESQ.

*WEIR LLP*
Attorney for Plaintiffs

By: _____
　　　ROBERT SOKOLOVE, ESQ.

*BROWN & CONNERY*
Attorney for Defendant, Borough of Haddonfield
By: _____
　　　WILLIAM COOK, ESQ.

*BROWN & CONNERY*
Attorney for Defendant, Borough of Haddonfield
By: _____
　　　JOSEPH CARNEY, ESQ.

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHELE AND FRANK TEDESCO<br>and<br>ROSE AND VICTOR PALLADINO<br>and<br>ALEX AND SHEILA COLALILLO<br>and<br>JODI AND STEVE MELLUL<br>and<br>ALICE AND RONALD SANDMEYER<br><br>Plaintiff<br><br>vs.<br><br>BOROUGH OF HADDONFIELD NEW JERSEY and NEW JERSEY – AMERICAN WATER COMPANY, INC.<br><br>Defendants | CIVIL ACTION NO.  1:24-cv-09005 |

***AGREEMENT TO BE BOUND***
***BY DISCOVERY CONFIDENTIALITY ORDER***

I, _____, being duly sworn, state that:

16. My address is _____.

17. My present employer is _____ and the address of

my employment is

_____.

18. My present occupation or job description is _____.

19. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this Case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

20. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

21. I will limit use of Confidential Material disclosed to me solely for the purpose of this action.

22. No later than the final conclusion of the case, I will return all Confidential Materials and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


DATED: _____        _____
                                               NAME