LAW OFFICES

# WEIR LLP

A Pennsylvania Limited Liability Partnership

1300 Route 73, Suite 314
Mount Laurel, New Jersey 08054

WEIRLAWLLP.COM

Robert D. Sokolove, Esquire                                   Direct Dial (215) 241-7706
Member of DC, MD, NJ and PA Bars                              E-mail: rsokolove@weirlawllp.com

May 13, 2026

***Via ECF***

Honorable Matthew J. Skahill, U.S.M.J.
United States District Court, Camden
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Street, Courtroom 3C
Camden, NJ 08101

> **Re:   Tedesco, et al. v. Borough of Haddonfield, et al.**
> **Civil Action No. 24-09005**

Dear Judge Skahill:

This law firm represents the Plaintiffs in connection with the above-referenced action. We write to inform the Court of an impasse with respect to a discovery issue and submit this letter pursuant to paragraph 5 of the Scheduling Order entered on October 15, 2024.

As Your Honor is aware, fact discovery in this matter is wrapping up and is currently scheduled to conclude on May 29, 2026. Our last several status conferences have specifically addressed the remaining fact discovery that needs to be conducted. On April 29, 2026, the Defendant, Borough of Haddonfield (the "Borough"), issued a subpoena to James Tarzy seeking the production of documents and for his deposition to be conducted May 15, 2026 (the "Subpoena").[1] At no time prior to April 29, 2026, in the Borough's initial Rule 26 Disclosures or

---

[1] Mr. Tarzy's attorney is unavailable on May 15, 2026, so the deposition is being rescheduled.

Magistrate Judge Matthew J. Skahill
May 13, 2025
Page 2

any of its numerous supplements, did the Borough identify Mr. Tarzy as an individual likely to have information relevant to the claims or defenses asserted in this case. Now, two weeks prior to the fact discovery deadline, the Borough seeks to conduct discovery of an undisclosed witness, on an issue not yet explored, when the Borough was aware of both the witness and the issue prior the commencement of this lawsuit and after the Plaintiffs already have conducted the depositions of officials of the Borough who would have knowledge relevant to the issue the Borough now wants to explore, among other things. For the reasons set forth herein, Plaintiffs object to this discovery, specifically the timing of it, but also, to the relevance of this new issue, and would like permission to file a Motion to Quash the Subpoena and for a Protective Order prohibiting the deposition and trial testimony of Mr. Tarzy.

## BACKGROUND

On April 29, 2026, the Borough served the Subpoena on Mr. Tarzy, seeking documents and communications pertaining to his sale of 12 Lafayette Avenue, Haddonfield, New Jersey (the "Lafayette Avenue Property"). The Lafayette Avenue Property sustained severe damage as a result of a flooding event that occurred on June 20, 2019.[2] Prior to the flooding event, the Lafayette Avenue Property was a non-conforming lot (as the minimum lot width was deficient) and the residential structure thereon was a non-conforming structure (as the minimum lot frontage and side yard setback for a single side were deficient). Following the flooding event, the Lafayette Avenue Property was foreclosed upon by the reverse-mortgage holder who, upon information and belief,

---

[2] Lafayette Avenue is approximately 1¼ miles away from the Plaintiffs' properties.

Magistrate Judge Matthew J. Skahill
May 13, 2025
Page 3

purported to perform some repairs, sold it to a house flipper in October of 2022, who then sold it to Mr. Tarzy or his construction company in or about May of 2023.

Despite the Borough's land development ordinances pertaining to repairs/restoration of non-conforming structures and construction on non-conforming lots—which ordinances essentially prevent the restoration of homes on non-conforming lots which have sustained substantial flood damage (of more than 50% of its value), *see* Haddonfield Land Development Ordinance §135-24 and §135-18(A)—the Borough permitted the Lafayette Avenue Property to be restored by Mr. Tarzy and sold. Mr. Tarzy, either individually or through his construction company, acquired the Lafayette Avenue Property, invested approximately $1 Million to restore/reconstruct the previously-flooded home and more recently, sold the Lafayette Avenue Property to a third-party.

The Borough has been aware of Mr. Tarzy since the state court litigation brought by four sets of Borough residents against the Borough arising from the catastrophic flooding event that occurred on June 20, 2019, *Amons, et al. v. Borough of Haddonfield, et al.,* CAM-L-001918-20 (the "Prior State Court Litigation"), the trial of which concluded several months before the commencement of this civil action.[3] The Borough had plenty of time to include Mr. Tarzy is its disclosures (or the five supplements it made) and/or to conduct the (irrelevant) discovery it now seeks to obtain on the eve of the fact discovery deadline.

_____

[3] In fact, the Borough made a point to advise Plaintiffs that the Prior State Court Litigation was reviewed "cover-to-cover"; therefore, there is simply no doubt that the Borough was aware of the existence of Mr. Tarzy, of the Borough's untimely attempt to subpoena Mr. Tarzy for records (which was not permitted by the State Court) and the Borough's attempt to add Mr. Tarzy to its list of trial witnesses (which also was not permitted).

Magistrate Judge Matthew J. Skahill
May 13, 2025
Page 4

## LEGAL ARGUMENT

**A.** **The Borough's Untimely Discovery of a Previously Unidentified, But Known, Third-Party Witness and the Borough's Failure to Disclose the Identity of Such Third-Party Witness, Should Not Be Permitted.**

Supplementing Rule 26 disclosures must be done "in a timely manner," Fed.R.Civ.P. 26(e), as supplementation aims to correct inaccuracies or to complete a response "based upon information that was not available at the time of the" original disclosure. *Faiella v. Sunbelt Rentals, Inc.,* 341 F.R.D. 553, 563 (D.N.J. 2022) (citations and internal quotation marks omitted). Supplementation, however, is not an opportunity "to produce information in a belated fashion." *Id.* (citations and internal marks omitted). The failure to properly supplement as required by Rule 26(e) precludes a party from using that information as "evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. Fed.R.Civ.P. 37(c)(1).

Here, the Borough did not identify Mr. Tarzy as an individual likely to have discoverable information on its initial Rule 26 disclosures, nor any of its subsequent supplements, which total at least five (5).[4] That said, the Borough cannot deny that it has been aware of Mr. Tarzy and his acquisition and development of the Lafayette Avenue Property since prior to the commencement of this civil action. Although Plaintiffs dispute the relevancy of the discovery the Borough now seeks, the Borough had an obligation to identify Mr. Tarzy if it intended to explore and/or develop the issues it now seeks to explore and/or develop with him. It did not. Instead, the Borough concealed its intentions with regard to Mr. Tarzy and, less than two weeks prior to the end fact

---

[4] It is also believed that no witnesses or documents exchanged in discovery identified Mr. Tarzy as a person likely to have discoverable information.

Magistrate Judge Matthew J. Skahill
May 13, 2025
Page 5

discovery, after *numerous* depositions already have been conducted and experts retained, issued a subpoena for Mr. Tarzy to produce records and appear for a deposition. Per Rule 37(c)(1), the discovery intended by the Borough of Mr. Tarzy should be prohibited. The Borough's conduct in waiting until the eve of the fact discovery deadline to introduce another issue into this case is neither harmless to Plaintiffs nor "substantially justified." To the contrary, such conduct is unseemly and should not be tolerated.[5]

> **B.      Good Cause Exists to Quash the Subpoena and for the Imposition of a Protective Order, as Such Relief is Necessary To Protect Plaintiffs from Annoyance, Oppression, Undue Burden and Expense.**

In federal litigation, Federal Rule of Civil Procedure 26 governs the scope of discovery. The scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed.R.Civ.P. 26(b)(1). While the scope of discovery under Rule 26(b)(1) is broad, the right is "not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Courts have discretion to shape the permissible scope of discovery. *See Anderson v. Wachovia Mortgage Corp.*, 621 F.3d 261, 281 (3d Cir. 2010). Courts may issue protective orders that impose limitations on the extent and matter of discovery where required "to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c).

---

[5] When a party issues subpoenas after the discovery deadline has passed to obtain documents the party was aware of before the discovery cutoff date, the subpoenas and discovery requests should be denied. *See McNerney v. Archer Daniels Midland Co.,* 164 F.R.D. 584, 588 (W.D.N .Y.1995) (citations omitted). It is difficult to see how the Subpoena in this case, even though issued two weeks prior to the discovery deadline, is any different.

Magistrate Judge Matthew J. Skahill
May 13, 2025
Page 6

The Court "must limit the frequency or extent of discovery" if, among other things, (1) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action" or (2) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed.R.Civ.P. 26(b)(2)(C). Similarly, the Court has discretion to impose limitations on the extent of discovery where required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). "Rule 26(c) authorizes a court to issue a protective order where justice so requires and upon good cause shown." Fed.R.Civ.P. 26(c); *Dempsey v. Bucknell Univ.*, No. 11-1679, 2013 WL 5352284, at *2 (M.D. Pa. Sept. 23, 2013.) "The party seeking a protective order bears the burden of demonstrating the 'good cause' required to support such an order." *Trans Pacific Ins. Co. v. Trans–Pacific Ins. Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991). Establishing "good cause" requires the movant to "specifically demonstrate [ ] that disclosure will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994)).

A Rule 45 subpoena served for discovery purposes must fall within the permissible scope of discovery under Fed.R.Civ.P. 26(b)(1). *OMS Investments, Inc. v. Lebanon Seaboard Corp.*, 2008 WL 4952445 (D.N.J. Nov. 18, 2008). There are several enumerated circumstances under which the Court is required or permitted to quash a subpoena. Fed.R.Civ.P. 45(d)(3)(A) and (B).

Magistrate Judge Matthew J. Skahill
May 13, 2025
Page 7

Relevant to the instant issue, the Court must on timely motion, quash or modify a subpoena that "subjects a person to undue burden."[6]

Under Rule 45, "courts have significant discretion" to quash or modify a subpoena where the discovery sought falls outside the permissible scope of discovery, is irrelevant, or compliance with the subpoena would be "unreasonable and oppressive." *First Sealord Sur. v. Dunkin & Devries Ins. Agency*, 918 F.Supp.2d 362, 382-83 (E.D. Pa. 2013) (quotations and citations omitted); *see DIRECTV, Inc. v. Richards*, 2005 WL 1514187 at *1 (citing *Northrop Corp. v. McDonnell Douglas Corp.,* 75 F.2d 395, 403 (D.C. Cir. 1984)) (stating a subpoena is considered unduly burdensome when the Court finds that it is "unreasonable or oppressive."). The party moving to quash has the burden of demonstrating the unreasonableness or oppressiveness of the subpoena. *Id.*

A fixed definition of what constitutes an "unreasonable or oppressive" request does not exist. Rather, courts must decide on a case-by-case basis what meets this criteria. *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998). In applying Rules 26 and 45, the Court utilizes the following factors in evaluating the reasonableness of a subpoena: (1) relevance, (2) the party's need for the documents, (3) the breadth of the document request, (4) the time period covered by it, (5) the particularity with which the documents are described, (6) the burden imposed, and (7) the

---

[6] Generally, a motion to quash or modify a subpoena directed to a non-party, as in this case, must be brought by the non-party itself, *ExteNet Sys., Inc. v. Twp. of No. Bergen,* N. 20-150981, 2021 WL 5782977, at *2 (D.N.J. dec. 7, 2021) (citations omitted); however, a party to the action will have standing to quash or modify a subpoena when it claims a privilege or privacy interest in the information sought from the nonparty, the party challenges the relevance of the information sought by way of the subpoena, and in light of previous discovery disputes. *Id.* (citations omitted). Plaintiffs have standing to bring this motion on the latter two bases.

Magistrate Judge Matthew J. Skahill
May 13, 2025
Page 8

subpoena recipient's status as a nonparty to the litigation. *See generally Biotechnology Value Fund, L.P. v. Celera Corp.*, No. 14-4046, 2014 WL 4272732, at *2 (D.N.J. Aug. 28, 2014); *and see* 9 JAMES WM. MOORE, ET. AL., Moore's Federal Practice ¶ 45.32 (3d ed.2006). The resolution of the instant dispute lies within the Court's sound discretion. *In re: Riddell Concussion Reduction Litig.*, No. 13–7585, 2016 WL 4119807, at *2 (D.N.J. July 7, 2016); *Forrest v. Corzine*, 757 F. Supp.2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances."). *See also, Burgess v. Galloway,* No. CV2006744FLWDEA, 2021 WL 2661290, at *2-3 (D.N.J. Jan. 28, 2021).

Valuation and marketability of the Plaintiffs' properties is among the critical issues in this case. It is believed that the Borough, through Mr. Tarzy, will attempt to show, among other things, the value of the Lafayette Avenue Property (despite the flooding event) and that flooded properties are, in fact, marketable. But due to the "uniqueness" of the Lafayette Avenue Property—a severely damaged, non-conforming structure on a non-conforming lot—and the alleged improper construction/restoration of it, the documents pertaining to the sale of the Lafayette Avenue Property and Mr. Tarzy's testimony concerning it are irrelevant. Moreover, until issuance of the Subpoena, the Borough engaged in no discovery pertaining to the restoration, purchase, sale, valuation and marketability of the Lafayette Avenue Property. Now on the eve of the fact discovery deadline—two weeks following Mr. Tarzy's scheduled deposition—the Borough seeks to explore these issues and to develop a theory pertaining to valuation and marketability of the Plaintiffs' properties by way of the Lafayette Avenue Property, when the Plaintiffs' properties and the Lafayette Avenue Property are incomparable.

Magistrate Judge Matthew J. Skahill
May 13, 2025
Page 9

As noted above, the Borough has been aware of Mr. Tarzy since the Prior State Court Litigation, the trial of which concluded several months before the commencement of this civil action. The Borough had plenty of time to include Mr. Tarzy in its disclosures (or the five supplements it made) and/or to conduct the discovery it now seeks to obtain on the eve of the fact discovery deadline.

It is with a heavy heart that Plaintiffs state their view; which is, that the Borough intentionally withheld disclosure of Mr. Tarzy as an individual likely to have discoverable information until the close of fact discovery, after Plaintiffs conducted the depositions of various Borough Officials who certainly had knowledge of the construction/restoration and sale of the Lafayette Avenue Property but were not questioned about it, and after Plaintiffs' counsel enumerated to the Court the balance of fact discovery to be conducted.

Had the Borough timely identified Mr. Tarzy on its Rule 26 disclosures, or timely disclosed its intent to seek documents from and depose Mr. Tarzy, Plaintiffs would have had the opportunity to both address and counter the information which the Borough now (and at trial) seeks to present through Mr. Tarzy. For example, Plaintiffs: (i) would have deposed a number of Borough Officials regarding the Borough's permission of the construction/restoration of the Lafayette Avenue Property, the timing of the construction/restoration, the non-conforming nature of the Lafayette Avenue Property and the reasons why the construction/restoration was permitted; (ii) would have inquired of Borough Officials who were already deposed (*i.e.,* Borough Administrator Sharon McCullough) about the construction of the Lafayette Avenue Property and related issues; (iii) would have called the neighbor who lived adjacent to the Lafayette Avenue Property to explain how he acquired part of the Lafayette Avenue Property; (iv) would have made preparations to

Magistrate Judge Matthew J. Skahill
May 13, 2025
Page 10

retain a zoning expert; and (v) would have called any number of other witnesses to address the testimony the Borough now seeks to obtain from Mr. Tarzy. The foregoing is "good cause" for granting the Plaintiffs' Motion.

The discovery the Borough intends to conduct, and the issue the Borough seeks to develop at this juncture, is not simply annoying and oppressive to Plaintiffs—which it is—but more importantly, it is unduly burdensome and expensive and should not be permitted. Plaintiffs do not bring this Motion so that (i) fact discovery can be extended, (ii) they can recall witnesses that have already been deposed, (iii) they can locate a zoning expert, and (iv) they can coordinate the discovery of new third-party witnesses, all at Plaintiffs' great time and expense. To the contrary, the parties have been conducting fact discovery for 18 months and, based upon recent communications with the Court, have indicated that only a few loose ends need to be addressed. The Borough's Subpoena is an unfair surprise at this date, of which the Borough is and has been aware. The Court should not allow the Borough to engage in these unfair litigation tactics.

**MEET AND CONFER**

Plaintiffs and the Borough communicated via email concerning this issue and the bases for their respective positions. Plaintiffs asked the Borough to withdraw the Subpoena and agree to not call Mr. Tarzy at trial. The Borough would not agree to do so.

Respectfully submitted,

/s/ *Robert D. Sokolove*
ROBERT D. SOKOLOVE

cc:    William Cook, Esquire (*via* ECF)
       Joseph T. Carney, Esquire (*via* ECF)
       Brianna M. Morello, Esquire (*via* ECF)