# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967



William F. Cook, Esq.
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
wcook@brownconnery.com

May 20, 2026

*Via ECF*

**Honorable Matthew J. Skahill, U.S.M.J.**
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08102

> **Re:** **Tedesco, et al. v. Borough of Haddonfield, et al.**
> **Docket No.: 1:24-cv-09005-RMB-MJS**
> **Our File No. 24-1667**

Dear Judge Skahill:

This firm represents Defendant Borough of Haddonfield (the "Borough") in the above matter. We are in receipt of Plaintiffs' pre-motion letter (ECF No. 87) seeking leave to file a motion to quash the Borough's subpoena to non-party witness, James Tarzy (the "Tarzy Subpoena").[1] Pursuant to the Court's procedure for pre-motion letters (see ECF No. 13, Order, ¶ 5), we respectfully submit this letter in response to Plaintiffs' letter. For the reasons stated below, Plaintiffs' objection to this subpoena should be rejected and they should not be entitled to quash the Borough's subpoena.

---

[1] A copy of the subpoena to Mr. Tarzy is attached to this letter as Exhibit A.

**BROWN & CONNERY, LLP**

May 20, 2026
Page 2

### I.    Brief Background for Subpoena

This matter remains in fact discovery.  In the course of discovery, the Borough has learned that Mr. Tarzy recently sold his property at 12 Lafayette Avenue in Haddonfield.  This is very significant because Plaintiffs' basic theory in this case is that Plaintiffs' homes are unmarketable and could never be sold because Plaintiffs would need to make statutory disclosures in any potential real estate transactions about a history of flooding.  Mr. Tarzy's recent sale wholly discredits that theory.  Mr. Tarzy's property also has a history of flooding in an area of Haddonfield that was seriously impacted by a storm in 2019.  Despite that history, Mr. Tarzy was able to sell his property, even with the required statutory disclosures.  In fact, he actually sold the property for more than he purchased it, having undertaken renovations to the property.  The vital relevance of this recent information regarding the sale cannot seriously be disputed.  Hence, the Borough seeks Mr. Tarzy's deposition to discuss this recent sale. Plaintiffs will have every opportunity to attend the deposition and ask any necessary questions.

### II.    Plaintiffs Do Not Have Standing To Challenge The Non-Party Subpoena.

As an initial matter, Plaintiffs' application should be denied because they do not have standing to quash.

"Generally, a motion to quash or modify a subpoena must be brought by the individual to whom it was directed." Malibu Media, LLC v. Doe, 2016 U.S. Dist. LEXIS 92069, *7 (D.N.J. July 14, 2016) citing Thomas v. Marina Assocs., 202 F.R.D. 433, 434-435 (E.D. Pa. 2001). "A party has standing to bring a Motion to Quash or modify a subpoena upon a non-party when the party

7WO7208

**BROWN & CONNERY, LLP**

May 20, 2026
Page 3

claims a personal privilege in the production sought." Schmulovich v. 1161 Rt. 9 LLC, 2007 U.S. Dist. LEXIS 59705, at *2 (D.N.J. Aug. 15, 2007) citing Direct TV, Inc. v. Richards, 2005 U.S. Dist. LEXIS 43764, at *1 (D.N.J. June 27, 2005) (citing Catskill Development, LLC v. Park Place Entertainment Corp., 206 F.R.D. 78, 93 (S.D.N.Y. 2022)). Fed. R. Civ. P. 45(c)(3)(A)(iii) requires a court to quash a subpoena if it seeks "disclosure of privileged or other protected matter, if no other exception or waiver applies."

Here, Mr. Tarzy, who is represented by counsel, has expressed no objection to this subpoena whatsoever. In fact, Mr. Tarzy seeks to have this deposition taken as soon as practicable. Mr. Tarzy and his attorney have been in contact with our office numerous times in an effort to schedule this deposition.

The only persons to express any objection are Plaintiffs. But Plaintiffs have articulated no privilege or privacy interest arising from the information sought in the subpoena to Mr. Tarzy.

Plaintiffs rely on ExteNet Sys., Inc. v. Twp. of No. Bergen, 2021 U.S. Dist. LEXIS 233875*, 5 (Dec. 7 2021), to challenge the subpoena "in light of the parties' previous discovery dispute, because it seeks to address the relevance of the information sought by Defendant." Ibid. However, Plaintiffs disregard the clear factual discrepancies with ExteNet and the case at bar.

In ExteNet, Defendant raised an issue with the court *after* the close of fact discovery regarding discovery information it sought from plaintiff. ExteNet, 2021 U.S. Dist. LEXIS 233875 at *3. After hearing argument, the court denied defendant's requests "based on (1) plaintiff's counsel's representation that the requested documents were not in plaintiff's possession, custody,

7WO7208

**BROWN & CONNERY, LLP**

May 20, 2026
Page 4

or control; and (2) the Court's reservations regarding the items' relevance." Id. Defendant then served a subpoena on a third-party seeking that information, and plaintiff filed a motion to quash the subpoena. Id. at *3-4. The court found plaintiff had standing to quash the subpoena because plaintiff "asserted a colorful privacy interest" in the information sought and "because it seeks to address the relevance of the information sought by defendant" in light of the prior discovery dispute. Id. at *5.

ExteNet is distinguishable. Unlike the defendant in ExteNet, the Borough timely served the Tarzy Subpoena during fact discovery. Furthermore, Plaintiffs have articulated no privilege or privacy interest in the information sought. See ECF No. 87, FN 6. Finally, contrary to ExteNet, the information sought was never subject to a previous discovery dispute or court order. This is critical because the ExteNet court's prior order questioning the relevancy of the requested information laid the foundation for plaintiffs to later challenge the subpoena on this basis. Plaintiffs here lack such foundation.[2]

To summarize, Plaintiffs have established no basis for which they have standing to challenge this non-party subpoena.

---

[2] Plaintiffs' brief cites to this standard in a way that suggests challenging the relevancy of a non-party subpoena is not required to be considered in conjunction with prior discovery disputes. See ECF No. 87, FN 6. However, The ExteNet decision is clear, "Courts in this District have also found that, 'in light of…previous discovery disputes and Orders of the Court, [a party] has standing, at a minimum, to address the relevance of the information sought by way of [a] subpoena.'" Id. at *5 quoting Shelvin v. Phx. Life Ins. Co., Civ No. 09-6323, 2012 WL 13034075, at *2.

7WO7208

**BROWN & CONNERY, LLP**

May 20, 2026
Page 5

III.    **The Information Sought In The Tarzy Subpoena Is Relevant And Proportional To The Needs Of The Case.**

The discovery sought in the Tarzy Subpoena is directly relevant to the marketability of flooded properties within the Borough.

"The Federal Rules of Civil Procedure adopt a liberal policy for providing discovery." Jones v. DeRosa, 238 F.R.D. 157, 163 (D.N.J 2006). Fed. R. Civ. P. 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The court may quash a deposition notice or subpoena under its general power to limit discovery. See Fed. R. Civ. P. 26(b)(2), (c). However, courts will generally grant a motion to quash, or a motion for a protective order to prohibit a deposition, only in extraordinary circumstances. Thomas v. IBM, 48 F.3d 478, 483 (10th Cir. 1995) (deposition of corporate officer in age discrimination action quashed after he testified by affidavit that he lacked personal knowledge of plaintiff and her work performance).

The Tarzy Subpoena requests information that is "nonprivileged…relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiffs' suggestion that the subpoena is somehow "unduly burdensome," "unreasonable or oppressive" is unpersuasive. To the contrary, the Tarzy Subpoena is very targeted and seeks only information

7WO7208

**BROWN & CONNERY, LLP**

May 20, 2026
Page 6

that goes to the very heart of this case: whether properties that have endured substantial flooding are marketable.

The information sought in the Tarzy Subpoena is streamlined and proportional to the Borough's defense. Plaintiffs' sole remaining claim against the Borough is for inverse condemnation, with Plaintiffs alleging that "the taking of Plaintiffs' Properties by Haddonfield has deprived Plaintiffs of the substantial use of their Properties, has taken and deprived Plaintiffs of the substantial valuation of their Properties and in doing so, has rendered the Properties unmarketable." See. ECF. No. 1, ¶48 The Tarzy Subpoena seeks information directly contrary to Plaintiffs' marketability theory by requesting information related to the recent sale of 12 Lafayette Avenue (the "Tarzy Property'). Similar to Plaintiffs' properties, the Tarzy Property has a history of prior flooding and litigation related to said flooding.[3] Despite this, the Tarzy Property sold in December 2025 for $900,000.00.

While the fact that this information undermines Plaintiffs' marketability theory may be damaging to Plaintiffs' case, that is not a legal basis on which a non-party subpoena can be quashed. Moreover, Plaintiffs' argument that the Tarzy Property is "unique" due to its history is wholly irrelevant to the most recent sale of the Property and is well outside the narrow scope of the information sought in the subpoena.[4]

---

[3] 12 Lafayette Avenue was involved in a 2020 New Jersey Superior Court lawsuit, Amons, et al. v. Borough of Haddonfield (CAM-L-1918-20). The owner at the time, Charles Weber, was one of (4) sets of Plaintiffs who sued the Borough for inverse condemnation and damages associated with the flooding endured as a result of a June 2019 storm.

[4] Plaintiffs are free to present evidence and argument regarding the alleged "uniqueness" of the property at trial.

7WO7208

**BROWN & CONNERY, LLP**

May 20, 2026
Page 7

## IV.  **The Borough's Subpoena was Timely Served On James Tarzy.**

Plaintiffs further allege the Tarzy Subpoena is somehow untimely despite the fact that it was served during the course of fact discovery. This argument is meritless.

Plaintiffs' argument hinges on the idea that, because the Borough has been aware of Mr. Tarzy's ownership of 12 Lafayette since prior to the commencement of this litigation, the Borough should have disclosed Mr. Tarzy as a fact witness from the very outset of this case. The flaw in this argument is: (1) the Borough only recently became aware that Mr. Tarzy sold 12 Lafayette in December 2025[5]; (2) the Tarzy Subpoena seeks no information relating to any event that occurred prior to Mr. Tarzy's marketing and sale of his property; and (3) it was impossible for the Borough to know back in August 2024 that Mr. Tarzy would sell 12 Lafayette in December 2025.  Plaintiffs themselves acknowledge that "***more recently, [Mr. Tarzy] sold the Lafayette Avenue Property to a third-party***" (ECF No. 87, Pre-Motion Letter, at 3) (emphasis added).

Plaintiffs cite to no rule, case law or treatise stating that a party is prohibited from serving a subpoena on a non-party prior to the fact discovery end date.[6] Instead, Plaintiffs make bald allegations that the Borough "intentionally withheld disclosure of Mr. Tarzy" without any factual support. This is an extraordinarily serious charge lacking any basis whatsoever.  The reality is that the Borough served this subpoena during fact discovery regarding a sale that everyone

---

[5] Plaintiffs concede that the sale was recent in their letter.  ECF No. 87 at 3.

[6] Despite Plaintiffs' objection to a fact discovery extension, such extension will likely be necessary given that Plaintiffs have only provided dates for the continuation of Plaintiff Dr. Fox-Mellul's deposition after the fact discovery deadline of May 29, 2026.  Additionally, the resolution of the pending motion regarding the deposition of  Tavis Karrow remains pending.

7WO7208

**BROWN & CONNERY, LLP**

May 20, 2026
Page 8

acknowledges to be a recent sale.

## V.  Conclusion

Plaintiffs have set forth no lawful or credible basis by which they can challenge the Tarzy Subpoena. Plaintiffs do not have standing to quash this subpoena.  The subpoena seeks relevant information that is proportional to the needs of the case.  The subpoena was served timely within the course of fact discovery.

Thank you.

Respectfully submitted,

**BROWN & CONNERY, LLP**

*/s/ William F. Cook*

William F. Cook, Esquire

WFC/
Enclosure
cc:  All Counsel of Record *(via ECF)*

7WO7208

# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

| | |
|---|---|
| **MICHELE TEDESCO, ET AL.** | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-09005-RMB-MJS |
| | ) |
| **BOROUGH OF HADDONFIELD, ET AL.** | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

**James Tarzy**
**11 Sunrise Trail**
**Medford, New Jersey 08055**

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: **Brown & Connery LLP**<br>**360 N. Haddon Avenue**<br>**Westmont, NJ 08108** | Date and Time:<br>May 15, 2026 10:00 am ** |
|---|---|

The deposition will be recorded by this method: __**Transcriber**__

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **All documents, files, records, emails, text messages, and other communications relating to the sale of your Lafayette Avenue Property in the Borough of Haddonfield.**

\*\*Please call office no later than 24 hours in advance of deposition to confirm specific time.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __**4/29/26**__

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | **/s/ William F. Cook** |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Borough of Haddonfield** _____ , who issues or requests this subpoena, are:

**See above.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).