**BROWN & CONNERY, LLP**
ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967

William F. Cook, Esq.
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
wcook@brownconnery.com

October 20, 2026

***Via ECF***

**Honorable Matthew J. Skahill, U.S.M.J.**
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08102

**Re: Tedesco, et al. v. Borough of Haddonfield, et al.**
**Docket No.: 1:24-cv-09005-RMB-MJS**
**Our File No. 24-1667**

Dear Judge Skahill:

This firm represents Defendant Borough of Haddonfield (the "Borough") in the above matter. Please accept this as a status update in advance of the telephone status conference schedule for October 20, 2026.

This matter continues towards the completion of fact discovery. The remainder of the deposition of Plaintiff Jodi Fox-Mellul is scheduled for October 30, 2026. The deposition of the corporate representative of New Jersey-American Water was completed on August 13, 2026.

Unfortunately, the parties have encountered continuing difficulty in arranging for the deposition of former Borough zoning officer, Tavis Karrow. Mr. Karrow no longer works for the

Borough and it is our understanding that he is now primarily based in West Virginia. We believe that the most appropriate way to address this issue will be by way of either a consent order to compel his deposition or the issuance of an order to show cause.

We briefly set forth the relevant history regarding Mr. Karrow below:

1) July 29, 2025: Our office sent a personal subpoena to Mr. Karrow for his deposition and documents.

2) November 4, 2025: Our office sent a subpoena to Mr. Karrow in his capacity as the Registered Agent for Haddonfield Development Group ("HDG"). That subpoena was the subject of a Motion to Quash filed by Plaintiffs (ECF No. 62). After conferencing with Your Honor, the subpoena was modified with the cooperation of counsel for the Plaintiffs on July 14, 2026.

3) July 15, 2026: The original subpoena and the revised HDG subpoena were sent to Mr. Karrow. On that same date, Mr. Karrow asked for confirmation that neither he as an individual not his company, Garden State Development Services ("Garden State") are being sued in this litigation.

4) July 16, 2026: Our office provided confirmation that neither Mr. Karrow nor Garden State are being sued. We asked Mr. Karrow to provide dates for his deposition.

5) July 21, 2026: Our office followed up with Mr. Karrow and asked for dates in August for his deposition.

6) July 28, 2026: Our office left a voicemail message for Mr. Karrow to discuss the relevant issues. We also wrote to Mr. Karrow.

7) August 4, 2026: Our office left another voicemail message for Mr. Karrow.

8) August 6, 2026: Our office wrote to Mr. Karrow and re-sent the subpoenas.

9) August 13, 2026: We spoke with Mr. Karrow. We re-sent the subpoenas. We asked him to upload responsive documents to ShareFile links we provided on or before September 1, 2026. We asked him to provide dates for his deposition between September 10, 2026 and September 30, 2026.

10) August 28, 2026: Our office wrote to Mr. Karrow to remind him of the September 1, 2026 deadline for him to upload documents to the ShareFile inks and to request for date for his deposition in mid/late September. Mr. Karrow acknowledged receipt and said he would send an itemized response to what is requested in the subpoenas.

11) September 14, 2026: Our office wrote to Mr. Karrow advising that the documents are overdue beyond the September 1, 2026 deadline and asked him to call us to discuss the documents and dates for his deposition. We also left three voicemails around this timeframe.

12) September 17, 2026: we advised Plaintiffs' counsel that we will be bringing this issue before Your Honor.

13) September 17, 2026: Our office wrote to Mr. Karrow and advised him that if the pending issues could not be resolved, we expected that the Court would have a hearing to discuss the issue.

As explained above, we believe that we have made diligent efforts to procure this deposition and the requested documents, but we are not receiving sufficient cooperation. We would therefore request the entry of a consent order to compel the deposition and document production, or alternatively, an order to show cause.

Finally, as this matter nears to close of fact discovery, and in advance of expert reports, the Borough would be amenable to the consideration of a settlement conference. The Borough believes that there are worthy avenues towards a potential resolution that should be considered at this time.

Respectfully submitted,

**BROWN & CONNERY, LLP**

/s/ William F. Cook

William F. Cook, Esquire

WFC/jtc
cc: All Counsel of Record ***(via ECF)***