**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MICHELE TEDESCO, et al.**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BOROUGH OF HADDONFIELD, et al.,**<br><br>**Defendants.** | Civil Action No. 1:24-cv-09005 (RMB/MJS)<br><br>**ORDER COMPELLING COMPLIANCE WITH DEPOSITION AND DOCUMENT SUBPOENAS BY TAVIS KARROW** |

**WHEREAS**, Defendant Borough of Haddonfield ("Borough") issued a deposition and document subpoena to Tavis Karrow dated July 29, 2025 for Mr. Karrow's deposition and for the production of documents related to this lawsuit (the "July 29, 2025 Subpoena", attached to this Order as Exhibit A); and

**WHEREAS**, the Borough issued a separate document subpoena dated November 4, 2025 to Mr. Karrow in his capacity as registered agent of Haddonfield Development Group, LLC ("HDG Subpoena"), requesting documents and associated communications related to HDG; and

**WHEREAS**, following motion practice, the HDG Subpoena was revised on June 10, 2026 (ECF No. 94), and a modified subpoena dated July 14, 2026 was issued by the Borough (the "July 14, 2026 HDG Subpoena", attached to this Order as Exhibit B); and

**WHEREAS**, despite diligent efforts by counsel to procure the above deposition and documents, such deposition and document productions remain incomplete; and

**WHEREAS**, the prompt completion of this deposition and these document productions is critically necessary due to the nature of the issues in this matter and in order to bring fact discovery to a close;

**NOW, THEREFORE**, the Court **ORDERS** this 22nd day of October, 2026

as follows:

1. Tavis Karrow is hereby **ORDERED** to produce all documents responsive to the July 29, 2025 Subpoena and the July 14, 2026 HDG Subpoena within fourteen (14) days of the entry of this Order.

2. Tavis Karrow is hereby **ORDERED** to appear for his deposition as requested in the July 29, 2025 Subpoena within thirty (30) days of the entry of this Order.

3. To the extent these deadlines are not met, the Court will schedule an Order to Show Cause hearing, in-person in the District of New Jersey in Camden, at a date and time to be determined at which time Mr. Karrow will need to show cause as to why the Court should not order the imposition of fees, costs, and/or other relief for non-compliance with the subpoenas.

Matthew J. Skahill, U.S.M.J.

**ALL PARTIES hereby agree to the form and entry of the above order.**

**WEIR LLP**
*Attorneys for Plaintiffs*

*/s/ Jennifer Hiller Nimeroff*________
Jennifer Hiller Nimeroff, Esquire

**BROWN & CONNERY LLP**
*Attorneys for Borough of Haddonfield*

*/s/ William F. Cook*___________
William F. Cook, Esquire

**MARSHALL DENNEHEY, P.C.**
*Attorneys for New Jersey-American Water, Inc.*

*/s/ Paul C. Johnson*____________
Paul C. Johnson, Esquire

# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

| | |
|---|---|
| **MICHELE TEDESCO, ET AL.**<br>*Plaintiff*<br>v.<br>**BOROUGH OF HADDONFIELD, ET AL.**<br>*Defendant* | Civil Action No. 1:24-cv-09005-RMB-MJS |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: **Tavis Karrow**
**Garden State Development Services**
**205 North Haddon Avenue, Haddonfield, New Jersey 08033**

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: **Brown & Connery LLP**<br>**360 N. Haddon Avenue**<br>**Westmont, NJ 08108** | Date and Time:<br>August 13, 2025 1:30 pm ** |
|---|---|

The deposition will be recorded by this method: **Transcriber**

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **All documents in the attached document requests.**

**Please call office no later than 24 hours in advance of deposition to confirm specific time.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **7/29/25**

*CLERK OF COURT*

OR

**/s/ William F. Cook**

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Borough of Haddonfield** , who issues or requests this subpoena, are:

**See above.**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**DOCUMENT REQUESTS**

1. Your complete files, records, reports, surveys, studies, analyses, presentations, opinions, proposals, plans, easements, applications, permits, exhibits, recommendations, mapping, engineering documents, communications (email, text, or social media) and any other documents (whether electronic or in paper form) relating to:

   a. 315 Station Avenue (currently, the Tedesco Property).

   b. 333 Station Avenue (currently, the Walsh Property).

   c. 50 Chews Landing Road (formerly, the Mirmamesh Property).

   d. 60 Chews Landing Road (currently, the Palladino Property).

   e. 80 Chews Landing Road (currently, the Mellul Property).

   f. 100 Chews Landing Road (currently, the Colalillo Property).

   g. 338 Kings Highway West (currently, the Bennett Property).

   h. 340 Kings Highway West (currently, the Sandmeyer Property).

   i. 342 Kings Highway West (currently, the Tung Property).

   j. Stormwater drainage on Chews Landing Road.

   k. Stormwater drainage on Station Avenue.

   l. Stormwater drainage on Kings Highway.

2. All emails, texts, and communications to or from:

   a. Robert Sokolove;

   b. Jennifer Hiller-Nimeroff;

   c. Any representative of the Borough of Haddonfield;

   d. Frank Tedesco;

   e. Michele Tedesco;

f. Ronald Sandmeyer;

g. Alice Sandmeyer;

h. Victor Palladino;

i. Rose Palladino;

j. Steven Mellul;

k. Jodi Mellul;

l. Alex Colalillo;

m. Sheila Colalillo;

n. Any contractor, engineer, or other person or entity regarding any of the properties listed in Document Request No. 1.

# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

MICHELE TEDESCO, et al.,

*Plaintiff*

v.

BOROUGH OF HADDONFIELD, et al.

*Defendant*

Civil Action No. 1:24-CV-09005-RMB-MJS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Haddonfield Development Group, LLC, Attn: Tavis Karrow, Registered Agent
1010 Kings Highway South, Building 2, Suite 101, Haddonfield, NJ 08033

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Document Requests.

| Place: Brown & Connery, LLP<br>360 N. Haddon Avenue<br>Westmont, NJ 08108 | Date and Time:<br>07/29/2026 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/14/2026

*CLERK OF COURT*

OR

/s/ William F. Cook

*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Borough of Haddonfield , who issues or requests this subpoena, are:
William F. Cook, Esquire, Brown & Connery, LLP, 360 N. Haddon Avenue, Westmont, NJ 08108 856-854-8900

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:24-CV-09005-RMB-MJS

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**DOCUMENT REQUESTS**

1. Any/all documents, communications, and records pertaining to any loans, contracts and/or agreements of, by, or for Haddonfield Development Corporation which contain representations regarding the value of the properties located at either 60 Chews Landing Road, Haddonfield, New Jersey or 80 Chews Landing Road, Haddonfield, New Jersey ("the Properties") or in which one or both of the Properties is pledged as security or collateral.

2. All Promissory Notes of, by, or for Haddonfield Development Corporation which contain representations regarding the value of the Properties or in which one or both of the Properties is pledged as security or collateral.

3. All Personal Guarantees in connection with any contracts and/or agreements entered into by, or on behalf of Haddonfield Development Corporation which contain representations regarding the value of the Properties or in which one or both of the Properties is pledged as security or collateral.